

**FILED**

APR 09 2026

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| NICOLE LAWTONE-BOWLES | ) | Case No.: 4:26-cv-28 |
| Plaintiff(s), | ) | |
| | ) | **NOTICE OF MOTION AND MOTION FOR** |
| vs. | ) | **TEMPORARY RESTRAINING ORDER** |
| | ) | **AND PRELIMINARY INJUNCTION** |
| PURDUE UNIVERSITY GLOBAL, PURDUE | ) | |
| GLOBAL LAW SCHOOL (FORMERLY | ) | **DATE: April 6, 2026** |
| CONCORD LAW SCHOOL) | ) | **TIME: 09:00AM** |
| Defendant(s). | ) | **DEPT:** |
| | ) | |
| | ) | |

PLEASE TAKE NOTICE that Plaintiff Nicole Lawtone-Bowles hereby moves this Court for a Temporary Restraining Order and Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendants from enforcing any dismissal decision, disciplinary sanction, or adverse academic action against Plaintiff pending full adjudication of this matter.

This motion is based on the accompanying memorandum, supporting exhibits, and all pleadings and records on file.

MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR INJUNCTION

Plaintiff seeks immediate injunctive relief to prevent irreparable harm arising from Defendants' decision to dismiss her from Purdue Global Law School following findings of alleged academic dishonesty. The record demonstrates that the dismissal decision was based on disputed inferences regarding writing speed, citation inconsistencies, and alleged artificial intelligence usage rather than verified misconduct.

The dismissal constitutes Plaintiff's third alleged breach and results in permanent academic consequences, including removal from the program and barriers to future re-enrollment. The timing of the dismissal is particularly severe because Plaintiff is near completion of her Juris Doctor program and has demonstrated substantial academic progress.

Plaintiff has consistently maintained that her work was produced using approved speech-to-text assistive technology required due to documented disabilities affecting her ability to type. The University was aware of this method and its resulting characteristics, including rapid text generation and structural differences from typed work.

Federal civil rights law prohibits discrimination on the basis of disability in educational programs receiving federal funding, including under Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act. These statutes require institutions to provide reasonable accommodations and to avoid disciplinary decisions based on disability-related characteristics.

The Department of Education has expressly warned that reliance on technological indicators, including AI-related assumptions, may result in discriminatory outcomes where disability or language factors affect student work. The OCR guidance further establishes that institutions must ensure that disciplinary processes do not produce discriminatory effects or deny equal access to education.

Here, the University's findings rely heavily on perceived inconsistencies in writing style, speed, and citation accuracy, which Plaintiff has explained are consistent with assistive technology use and the nature of dictated work. The record reflects that conclusions were drawn from assumptions about what Plaintiff "could" or "could not" produce rather than objective proof of misconduct.

Plaintiff has also demonstrated that certain citation errors identified by the Committee were mistakes rather than fabrication, and that at least some cited authorities exist but were incorrectly referenced. These errors, while acknowledged, do not establish intentional academic dishonesty or justify dismissal.

The balance of equities strongly favors Plaintiff. She is a disabled student nearing graduation, facing permanent academic exclusion, loss of career opportunity, and significant personal hardship. By contrast, maintaining her enrollment during litigation imposes minimal burden on Defendants.

Irreparable harm is clear. Courts consistently recognize that loss of educational opportunity and professional advancement constitutes irreparable injury not compensable by monetary damages. Once dismissed, Plaintiff cannot recover lost time, lost degree completion, or reputational harm within the legal profession.

Plaintiff is likely to succeed on the merits because the record demonstrates potential violations of disability discrimination law and procedural fairness. The University's reliance on subjective inference rather than verifiable evidence raises substantial due process concerns.

Additionally, OCR guidance emphasizes that institutions must investigate and respond appropriately when discrimination may be implicated in disciplinary decisions. The failure to meaningfully consider Plaintiff's disability accommodations before imposing the ultimate sanction supports injunctive relief.

The public interest also favors granting relief. Educational institutions receiving federal funding must comply with nondiscrimination obligations, and courts have a strong interest in preventing potentially unlawful exclusion of disabled students.

This case presents circumstances similar to those in which courts preserve the status quo to prevent mootness where a student is near completion of an academic program. See DeFunis v. Odegaard, 416 U.S. 312 (1974), https://supreme.justia.com/cases/federal/us/416/312/. Preservation of Plaintiff's enrollment ensures meaningful judicial review rather than irreversible academic termination.

Without immediate intervention, Plaintiff will be dismissed before her claims can be heard, effectively denying her access to judicial relief. This is precisely the type of harm Rule 65 is designed to prevent.

Accordingly, Plaintiff requests that this Court issue a Temporary Restraining Order and Preliminary Injunction prohibiting Defendants from enforcing any dismissal or disciplinary decision until final resolution of this action.

DATED: April 6, 2026

/s/Nicole Lawtone-Bowles

Nicole Lawtone-Bowles
56 Center Street
Highland Falls, New York 10928
(347) 538-5386
(845) 839-0220
NicoleLawtone@aol.com