FILED

APR 20 2026

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NICOLE LAWTONE-BOWLES<br>Plaintiff(s), | Case No.: 4:26-cv-00028-PPS-AZ |
| v. | DATE: April 16, 2026<br>TIME: 10:00AM |
| PURDUE UNIVERSITY GLOBAL<br>ET AL | PLAINTIFF'S REPLY IN SUPPORT<br>OF MOTION FOR TEMPORARY<br>RESTRAINING ORDER |
| Defendant(s). | |

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION
### FOR TEMPORARY RESTRAINING ORDER

Plaintiff Nicole respectfully submits this Reply in further support of her

Motion for Temporary Restraining Order. Defendants' opposition relies on their

own exhibits to assert "honest academic judgment," yet those same materials reveal

inconsistencies, conclusory reasoning, and factual disputes that warrant immediate

injunctive relief. At minimum, the record establishes serious questions going to the

merits, irreparable harm, and a balance of equities that strongly favors Plaintiff.

### I. DEFENDANTS' OWN EXHIBITS UNDERMINE THEIR CLAIM OF
### "HONEST ACADEMIC JUDGMENT"

Defendants rely heavily on the Declaration of Carolyn Nordstrom and

attached exhibits to justify the academic misconduct determinations. (Ex. A).

However, the declaration and underlying materials do not provide a transparent or

reliable methodology for distinguishing between permitted assistive technology

and alleged misconduct.

The record confirms that Plaintiff's explanations—including her use of speech-to-text technology and prior study—were "considered but were found not to account for the identified issues." Nordstrom Decl. ¶ 44. This statement is conclusory. It does not explain *how* those explanations were evaluated, what standards were applied, or why they were rejected despite Defendants' acknowledgment that such assistive technology is permitted.

Defendants' exhibits further rely on timing estimates, writing speed calculations, and citation concerns. These assertions—such as character counts completed within minutes or accelerated course progress—are presented without establishing reliability, controls, or consideration of alternative explanations consistent with Plaintiff's documented accommodations. The absence of methodological transparency raises substantial questions about the integrity and consistency of the decision-making process.

Additionally, the Provost appeal materials and AAC records reflect repeated reliance on the same generalized rationales across multiple courses, suggesting a lack of individualized academic judgment. The uniformity of these conclusions, without detailed course-specific analysis, supports an inference that the determinations were not independently reached.

Under governing law, the relevant inquiry is whether Plaintiff was "otherwise qualified" and whether Defendants' decisions were "honest academic judgments or a pretext for discrimination." Khan v. Midwestern Univ., 879 F.3d

838 (7th Cir. 2018); Novak v. Bd. of Trs., 777 F.3d 966 (7th Cir. 2015).

Defendants' own evidence raises serious questions on both issues.

## II. DEFENDANTS' RECORD SUPPORTS PLAINTIFF'S CLAIM OF

## IRREPARABLE HARM

The timing of Plaintiff's removal is undisputed and critical. Plaintiff was locked out of all seven courses on April 7, 2026 week 13—after completing the overwhelming majority of her coursework.

Defendants' own records reflect:

- Completion of all assignments in at least one course;

- Substantial progress across multiple courses, including quizzes, essays, and discussions;

- Academic performance at or above a B- level at the time access was revoked.

Despite this, Plaintiff is now:

- Completely denied access to her courses,

- Unable to complete remaining seminar requirements,

- Unable to sit for final exams,

- Unable to view or provide her grades to the Court.

This is not a minor academic disruption. It is the total loss of a nearly completed semester. Courts consistently recognize that such loss constitutes irreparable harm where a student is prevented from completing paid-for coursework and progressing toward a degree.

## III. PLAINTIFF SEEKS TO PRESERVE THE STATUS QUO AND GRADUATE ON TIME

Plaintiff does not seek to bypass academic standards or obtain unearned credit. She seeks only the opportunity to complete the coursework she has already substantially finished and to be evaluated under the same rubrics as her peers. Plaintiff was removed after completing nearly all assignments, with only limited seminar components remaining, including in Community Property and other courses. These requirements are discrete and can be completed promptly if access is restored.

The appropriate purpose of injunctive relief here is to preserve the status quo prior to Defendants' late-term removal—not to ratify that removal and render Plaintiff's completed work meaningless.

Absent relief, Plaintiff will be unable to graduate on August 25, 2026, despite having completed the academic requirements necessary to do so. That harm cannot be remedied after the fact.

## IV. LIMITED RELIEF CAN ADDRESS DEFENDANTS' CONCERNS WITHOUT EXCLUDING PLAINTIFF

Defendants' own policies distinguish between permitted assistive technology and prohibited conduct. The record confirms that Plaintiff's use of speech-to-text technology was allowed.

Any concerns raised by Defendants can be addressed through ordinary academic mechanisms already in place, including standard evaluation processes

and authorship review practices. These measures do not require excluding Plaintiff from her education.

Allowing Plaintiff to complete her coursework and sit for exams does not resolve the ultimate merits of this case. It simply ensures that Plaintiff is not deprived of the benefit of a nearly completed semester while those issues are litigated.

## V. REQUEST TO UNSEAL DOCUMENT #8

Plaintiff respectfully requests that Document #8 be unsealed. ABA Model Rule 8.4(g) defines professional misconduct to include conduct a lawyer knows or reasonably should know constitutes harassment or discrimination based on protected characteristics in conduct related to the practice of law. The sealed filing directly concerns conduct and representations made in this litigation. Where court filings implicate potential violations of professional responsibility rules, there is a strong presumption of public access. Unsealing is necessary to ensure transparency and accountability, particularly where issues of discrimination and accommodation are central to the case.

At minimum, the Court should review Document #8 under this standard and determine whether continued sealing is justified.

## VI. THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR

## RELIEF

The balance of harms weighs decisively in Plaintiff's favor. Plaintiff faces immediate and irreparable harm: loss of an entire semester, delay of her legal education, and inability to graduate on time.

Defendants, by contrast, face minimal burden in restoring course access and allowing completion of remaining requirements under existing academic procedures.

The public interest favors fairness, transparency, and the proper application of academic and disability accommodation standards. It does not favor late-term exclusion that nullifies completed work without clear, consistent, and transparent justification.

## VII. CONCLUSION

Defendants' own exhibits raise serious questions regarding the reliability, consistency, and fairness of the academic misconduct determinations. Plaintiff has demonstrated irreparable harm, a likelihood of success or at minimum serious questions on the merits, and that the balance of equities and public interest favor relief.

**Plaintiff respectfully requests that the Court:**

1. Order Defendants to immediately restore full access to all seven courses, including Community Property;

2. Permit Plaintiff to complete all remaining coursework, including seminar requirements and final examinations;

3. Require Defendants to evaluate Plaintiff's work under established grading rubrics and on its merits;

4. Order that Plaintiff's grades be issued in the ordinary course and that she be permitted to graduate on August 25, 2026;

5. Order the unsealing of Document #8, or in the alternative, conduct review consistent with the public interest and ABA Model Rule 8.4(g);

6. Grant any further relief the Court deems just and proper.

> Respectfully submitted,
> /s/Nicole Lawtone-Bowles
> Pro Se Plaintiff
> Phone: (347) 538-5386
> Dated: April 16, 2026