**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

NICOLE LAWTONE-BOWLES                )
                                     )
                  Plaintiff,         )
                                     )
        v.                           )        4:26-CV-28-PPS-AZ
                                     )
PURDUE UNIVERSITY GLOBAL, *et al.*,  )
                                     )
                  Defendants.        )

## <u>ORDER</u>

Nicole Lawtone-Bowles, representing herself, recently sued Purdue University Global because of her expulsion from its law school. On April 16, 2026, the Court held a hearing on Lawtone-Bowles' Motion for a Temporary Restraining Order [DE 3] and denied that request.

The Court recently received a motion titled as a request in support of Lawtone-Bowles' now denied motion for a temporary restraining order. [DE 18.] This motion is the same as a document Lawtone-Bowles emailed to the Court on April 17, the day after the hearing on her TRO request. This Court previously warned Lawtone-Bowles that emails to the Court did not constitute filings on the docket and explained that it would not consider any motions until they had been mailed to the Clerk's Office and docketed. [*See* DE 14.] Given the timing of Lawtone-Bowles' motion, the Court construes it as a request to reconsider the denial of her original Motion for a Temporary Restraining Order [DE 3].

1

Courts have broad discretionary authority to reconsider interlocutory orders any time before final judgment. *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015); *Galvan v. Norberg*, 678 F.3d 581, 586–88 (7th Cir. 2012). My ruling denying Lawtone-Bowles' Motion for a Temporary Restraining Order is not a final judgment because her claims remain pending. [*See* DE 11.] Lawtone-Bowles understandably does not cite a specific Federal Rule of Civil Procedure in her request for reconsideration. Most courts in this situation look to Federal Rule of Civil Procedure 54(b) as the starting point. Here's what it says, in part:

> . . . [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

A motion to reconsider is appropriate where: "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Janky v. Batistatos*, No. 2:07–CV–339 PPS APR, 2009 WL 10692471, at *1 (N.D. Ind. Aug. 24, 2009) (quoting *Orange v. Burge*, 451 F.Supp.2d 957, 961 (N.D. Ill. 2006)); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). In short, a motion to reconsider is not a "do over" like mulligans used by golfers on Saturday

mornings. Instead, they "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Mayes v. City of Hammond*, No. 2:03-cv-379-PRC, 2006 WL 2193048, at *1 (N.D. Ind. Aug. 1, 2006) (collecting cases).

Lawtone-Bowles has presented no basis for reconsideration of my ruling denying her request for a TRO. She identifies no misunderstanding, error, or other reason that may form the basis for reconsideration. She reiterates her same arguments that she presented in her motion requesting a TRO and that she presented during the April 16 oral argument on her motion. As I explained at that hearing, Lawtone-Bowles has not presented a likelihood of success on the merits based on the current evidentiary record. Her latest motion does not change that conclusion. A decision on a TRO is, by its nature, temporary. If Lawtone-Bowles believes my initial decision denying her request for a TRO was incorrect, she will have the opportunity to develop the evidentiary record through discovery and prove her case in a trial on the merits. Additionally, as I explained to her at the hearing, Lawtone-Bowles also has the option to file a request for a preliminary injunction, which this Court would then set for a more fulsome evidentiary hearing.

Lawtone-Bowles notes the challenges that an in-person hearing would present her given her circumstances. The Court understands these realties and in no way diminishes them. That is why the Court was amenable to conducting the April 16 TRO hearing telephonically. But if Lawtone-Bowles chooses to litigate this case fully going forward, especially if this case makes it to trial or she requests a preliminary injunction, it will be necessary for such hearings to be conducted in-person. That is the reality of

the choice to bring suit and litigate in this forum. On a related note, in her motion Lawtone-Bowles again requests permission to electronically file documents. As explained by this Court and reiterated by Magistrate Judge Zanzi, this District does not permit exceptions to the rule that *pro se* litigants are unable to electronically file documents and must do so by mail. [DE 14; DE 17.]

One final note. Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). And Northern District of Indiana Local Rule 5-4(b) further requires that "[p]apers delivered to the clerk for filing" in hard copy, such as Plaintiff's motions, "must . . . include the filer's original signature . . . ."). N.D. Ind. L.R. 5-4(b). While the Court understands and appreciates that Lawtone-Bowles is *pro se*— and so is likely unfamiliar with these procedures—all litigants, whether they are represented by counsel or representing themselves *pro se*, must follow the Federal Rules of Civil Procedure and local rules of the court in which they have filed their lawsuit. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[T]he Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure.") (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)); *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000) ("Although pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants."). Thus, the Court instructs Lawtone-Bowles that she must comply with Rule 11(a) and Local Rule 5-4(b) by signing with a physical, ink signature

4

all future filings. The failure to do so in the future will result in the striking of unsigned filings from the docket.

Nicole Lawtone-Bowles' Motion [DE 18] is **DENIED**.

SO ORDERED.

ENTERED: April 28, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT