

**-FILED-**

APR 3 0 2026

Chanda J. Berta, Clerk — M
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| NICOLE LAWTONE-BOWLES | ) | Case No.: 4:26-cv-00028-PPS-AZ |
| Plaintiff(s), | ) | |
| | ) | DATE: |
| v. | ) | TIME: |
| | ) | |
| | ) | PLAINTIFF'S REQUEST TO JUDGE |
| PURDUE UNIVERSITY GLOBAL | ) | SIMON IN SUPPORT OF MOTION |
| ET AL | ) | FOR TEMPORARY RESTRAINING |
| | ) | ORDER |
| Defendant(s). | ) | |
| | ) | |

## PLAINTIFF'S REQUEST TO JUDGE SIMON IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Nicole Lawtone-Bowles respectfully moves this Court for the issuance of a Temporary Restraining Order ("TRO") enjoining Defendants from enforcing the denial of her Satisfactory Academic Progress Appeal and requiring Defendants to immediately reinstate her to the Juris Doctor (Full-Time) program, pending further order of this Court.

Immediate injunctive relief is necessary to prevent irreparable harm to Plaintiff's legal education, including disruption to her coursework, loss of financial aid eligibility, and damage to her academic standing, and to preserve the status quo while this matter is adjudicated.

### STATEMENT IN SUPPORT

1. On April 17, 2026, Plaintiff received written notice from Purdue Global Law School informing her that her appeal to return to the Juris Doctor (Full-Time) Summer program for the May 5, 2026 term had been denied. Specifically, at approximately 5:05 PM EDT, Plaintiff received an email from Larasz Moody-Villarose, on behalf of Purdue Global Law School, stating that following review of her personal statement and prior academic record, her appeal was denied.

2. The denial was issued by the Office of the Dean and communicated via an automated, unmonitored email account. The correspondence instructed Plaintiff to direct any inquiries to an admissions advisor, thereby limiting her ability to seek clarification or meaningful review of the decision.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

NICOLE LAWTONE-BOWLES
Plaintiff(s),

v.

PURDUE UNIVERSITY GLOBAL,
ET AL.

Defendant(s).

Case No.: 4:26-cv-00028-PPS-AZ

DATE:
TIME:

PLAINTIFF'S REQUEST TO JUDGE SIMON IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

## PLAINTIFF'S REQUEST TO JUDGE SIMON IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Nicole Lawtone-Bowles respectfully moves this Court for the issuance of a Temporary Restraining Order ("TRO") enjoining Defendants from enforcing the denial of her Satisfactory Academic Progress Appeal and requiring Defendants to immediately reinstate her to the Juris Doctor (Full-Time) program pending further order of this Court.

Immediate injunctive relief is necessary to prevent irreparable harm to Plaintiff's legal education, including disruption to her coursework, loss of financial aid eligibility, and damage to her academic standing, and to preserve the status quo while this matter is adjudicated.

## STATEMENT IN SUPPORT

1. On April 17, 2026, Plaintiff received written notice from Purdue Global Law School informing her that her appeal to return to the Juris Doctor (Full-Time) Summer program for the May 5, 2026 term had been denied. Specifically, at approximately 3:05 PM EDT, Plaintiff received an email from Lanasa Moody-Villarose, on behalf of Purdue Global Law School, stating that following review of her personal statement and prior academic record, her appeal was denied.
2. The denial was issued by the Office of the Dean and communicated via an automated, unmonitored email account. The correspondence instructed Plaintiff to direct any inquiries to an admissions advisor, thereby limiting her ability to seek clarification or meaningful review of the decision.

3. The denial has the immediate effect of barring Plaintiff from re-enrollment in the Juris Doctor (Full-Time) program absent judicial intervention. The notice expressly states that Plaintiff's appeal "to return to Purdue Global Law School in the Juris Doctor (Full-Time) program has been denied."

4. As a result of Purdue Global's April 7, 2026 decision, I lost my eligibility for the Practical Training of Law Students Program and my PTLS application, Case No. 01050972, was denied because I was no longer deemed to be in good academic standing.

5. The timing and manner of this decision impose imminent and irreparable harm on the plaintiff, who has to repeat her spring 2026 course, which she had paid for in full, and has to go to school in the Fall of 2026 to finish her remaining courses so she can sit for the February 2027 bar. Academic schedules, registration deadlines, coursework progression, examinations, and financial aid disbursements are all time-sensitive. Each day Plaintiff remains excluded increases the likelihood of missed academic requirements that cannot be retroactively remedied, thereby jeopardizing her ability to complete her degree and maintain her professional trajectory.

6. Because Purdue Global placed her in non-ABA status and removed her from the program, her credits and completed coursework are not transferable, leaving her unable to complete her Juris Doctor anywhere other than Purdue Global; she further alleges that Purdue Global's failure to accommodate her disability and its decision to put her out of school were retaliatory acts taken after she filed complaints with the U.S. Department of Education, which is currently investigating, and after she filed this lawsuit.

7. Plaintiff diligently pursued all available institutional remedies, including submission of a personal statement and supporting materials, which the Office of the Dean acknowledged reviewing. The denial references a "careful review" of these materials.

8. Plaintiff contends that Defendants failed to provide appropriate accommodations and procedural safeguards related to her disability, as required under applicable law. Plaintiff seeks narrowly tailored interim relief to prevent further disruption while these claims are resolved on the merits.

9. The balance of equities strongly favors Plaintiff. Temporary reinstatement would impose minimal administrative burden on Defendants, while denial of relief would cause Plaintiff substantial and irreparable harm, including interruption of her legal education, delay in bar eligibility, and adverse impact on her professional prospects. Such harms cannot be adequately compensated by monetary damages.

10. The public interest supports the issuance of a TRO. Ensuring fair access to legal education, adherence to equitable academic procedures, and

preservation of students' rights pending judicial review are all matters of significant public concern.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Issue a Temporary Restraining Order Prohibiting Defendants from enforcing the denial of Plaintiff's Satisfactory Academic Progress Appeal and from excluding her from the Juris Doctor (Full-Time) program;

b) Order Defendants to immediately reinstate Plaintiff to active student status in the Juris Doctor (Full-Time) program, including full access to courses, academic platforms, and institutional services, pending further order of the Court;

c) Direct Defendants to preserve all records and communications related to Plaintiff's appeal, academic standing, disability accommodations, and any related determinations;

d) Set an expedited schedule for briefing and a hearing on Plaintiff's motion for a preliminary injunction; and

e) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/Nicole Lawtone-Bowles
Pro Se Plaintiff
Phone: (347) 538-5386
Dated: April 25, 2026

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

NICOLE LAWTONE-BOWLES    )    Case No.: 4:26-cv-00028-PPS-AZ

                         )

**Plaintiff(s),**          )    **CERTIFICATE OF SERVICE**

                         )

**vs.**               )    **DATE: April 25, 2026**

                         )    **TIME: 10:00AM**

**PURDUE UNIVERSITY**    )
**GLOBAL, PURDUE GLOBAL**    )
**LAW SCHOOL (FORMERLY**    )
**CONCORD LAW SCHOOL)**    )
           **Defendant(s).**    )
                         )

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2026, a true and correct copy of the foregoing was served via clerk efile upon the following counsel(s) of record:

Amanda Jane Gallagher
John R. Maley (14300-89)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Telephone: (317) 231-7464
Facsimile: (317) 231-7433
Email: jmaley@btlaw.com
Counsel for Defendants

                             Dated: April 25, 2026
                             Respectfully submitted,
                             /s/ Nicole Lawtone-Bowles
                             Nicole Lawtone-Bowles
                             Plaintiff, Pro Se