UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

NICOLE LAWTONE-BOWLES,                )
                                      )
            *Plaintiff*,               )
                                      )
     v.                               )  No. 4:26-cv-00028-PPS-AZ
                                      )
PURDUE UNIVERSITY GLOBAL, *et al*,     )
                                      )
            *Defendants.*              )

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S REQUEST TO JUDGE SIMON IN SUPPORT OF MOTION
FOR TEMPORARY RESTRAINING ORDER**

Plaintiff again asks the Court to revisit its denial of her request for a temporary restraining order. But her latest filing identifies no basis for reconsideration. In doing so, Plaintiff identifies no manifest error of law or fact and no intervening change in controlling law. Instead, she repeats the same arguments regarding Defendant Purdue University Global's disciplinary process and alleged failure to accommodate her disability. Similarly, fails to present any new evidence warranting reconsideration. Reconsideration is not a vehicle to relitigate issues already decided. For these reasons, Plaintiff's Motion for Reconsideration, Dkt. 27, is properly denied.[1]

I.    **Procedural Background**

Plaintiff Nicole Lawtone-Bowles filed her Complaint on April 9, 2026, against Purdue Global Law School, Purdue University Global, and several individual defendants. Dkt. 1. That same day, Plaintiff also filed a Motion for Temporary Restraining Order and Preliminary Injunction seeking to enjoin Defendants from dismissing her from Purdue Global Law School. Dkt. 3. Defendants

---

[1] Defendants are mindful of Plaintiff's pro se status and recognize that her filings are entitled to liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, and for purposes of preserving their rights, Defendants construe Plaintiff's filing as a motion requesting reconsideration of the Court's prior denials of her requests for emergency relief, Dkt. 3, 16, 18.

1

appeared through counsel on April 10 and April 15, 2026. Dkt. 4 & 7. On April 15, 2026, Defendants opposed Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, along with a declaration in support. Dkt. 8. Defendants also moved to maintain those materials under seal. Dkt. 9 & 10. This Court held a telephonic hearing on Plaintiff's Motion on April 16, 2026. Dkt. 11. Following argument from both sides, the Court denied Plaintiff's request for a temporary restraining order. *Id.*

Despite the Court's denial of her request for a temporary restraining order, Plaintiff continued filing additional papers seeking the same emergency relief. On April 20, 2026, Plaintiff filed an unsigned Reply in Support of Motion for Temporary Restraining Order. Dkt. 16. A few days later, Plaintiff filed another unsigned submission titled Request to Judge Simon in Support of Motion for Temporary Restraining Order, Dkt. 18, which the Court denied on April 28, 2026, Dkt. 20.

Undeterred, Plaintiff filed yet another Request to Judge Simon in Support of Motion for Temporary Restraining Order on April 30, 2026. Dkt. 27. That filing again seeks issuance of a temporary restraining order. *Id.* For purposes of preserving their rights, Defendants construe this motion as a request for reconsideration of the Court's prior denial of Plaintiff's request for emergency relief.

## II.    Legal Standard

Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *Eberhardt v. Walsh*, 122 F.4th 681, 688 (7th Cir. 2024). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1270. A manifest error is not demonstrated by the disappointment of the losing party. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). It is the wholesale disregard, misapplication, or failure to

recognize controlling precedent. *Id.* A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier. *Id.* New evidence must be either newly discovered or unknown to the party until after the hearing, but also unable to be discovered with reasonable diligence. *Caisse Nationale*, 90 F.3d at 1269.

### III.    Argument

Plaintiff's Motion falls well outside the limited scope of reconsideration. She identifies no manifest error in the Court's denial of a temporary restraining order. She does not contend the Court applied the wrong legal standard, overlooked controlling authority, or misunderstood the factual record presented at the April 16 hearing. Instead, Plaintiff disagrees with the outcome and asks the Court to revisit the same request for emergency relief based on the same underlying dispute. That is not a proper basis for reconsideration. *See Oto*, 224 F.3d at 606.

Nor does Plaintiff present newly discovered evidence. "'Newly discovered evidence' is evidence 'not available at the time of briefing.'" *Ahnert v. Emps. Ins. Co. of Wausau*, No. 10-CV-156-PP, 2018 WL 2048379, at *4 (E.D. Wis. May 2, 2018) (quoting *Katz-Crank v. Haskett*, No. 1:13-CV-00159-TWP, 2014 WL 3507298 (S.D. Ind. July 14, 2014)). Yet Plaintiff's Motion primarily relies on exhibits which predate the April 16 hearing and were available when Plaintiff filed her original Motion. Dkt. 27-2. Plaintiff offers no explanation why those materials could not have been submitted earlier with reasonable diligence. But "a motion for reconsideration is an improper vehicle to introduce evidence previously available." *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986). She therefore cannot use reconsideration as a vehicle to supplement the record after the fact.

The only arguably new evidence is Purdue Global's April 17, 2026 letter denying Plaintiff's request to return to the Juris Doctor summer program. But reconsideration is not warranted where the purportedly "new" evidence is merely cumulative of the existing record. *See Mintel Int'l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 692 (N.D. Ill. 2009) (declining reconsideration where new evidence

was duplicative of preexisting record evidence). Here, the April 17 letter has no bearing on the question before the Court, namely whether Purdue Global violated the ADA in connection with Plaintiff's dismissal from the law school program. The letter identifies no new accommodation request, no new alleged failure to accommodate, and no new procedural deficiency in Purdue Global's disciplinary process. It simply confirms that Purdue Global declined to reverse the same dismissal decision already before the Court when it denied Plaintiff's request for emergency relief.

At bottom, Plaintiff's Motion ultimately does nothing but revisit arguments the Court has considered and rejected, principally her contention that Purdue Global failed to provide adequate accommodations and procedural protections related to her alleged disability. But a motion to reconsider is not a vehicle to relitigate issues already decided or to express disagreement with the Court's ruling. As one court aptly observed, "[f]iling a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling." *California Union Ins. Co. v. Liberty Mut. Ins. Co.*, 930 F. Supp. 317, 319 (N.D. Ill. 1996). Because Plaintiff identifies neither a manifest error of law or fact nor genuinely new evidence bearing on the issues before the Court, her Motion is properly denied.

## IV.     Conclusion

For these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Reconsideration and deny all further requests for temporary restraining order relief. Defendants further requests all other just and proper relief

Respectfully submitted,

*/s/ John R. Maley*
John R. Maley (#14300-89)
Amanda Jane Gallagher (#32662-79)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204

*Attorneys for Defendants*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of May, 2026, a true and correct copy of the foregoing

was served by United States mail on the following recipient at the address listed below:

Nicole Lawtone-Bowles
56 Center Street
Highland Falls, NY 10928


          */s/ John R. Maley*
          John R. Maley


DMS 52466905.1