

-FILED-

MAY 15 2026

At_____
Chanda J. Berta, Clerk ____M
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| NICOLE LAWTONE-BOWLES<br>                    Plaintiff,<br><br>v.<br><br>PURDUE GLOBAL LAW SCHOOL,<br>PURDUE UNIVERSITY GLOBAL,<br>SARAH DIAB, SHAUN JAMISON,<br>BRIAN VICTOR, & VICTORIA VIDT<br>                    Defendants | Case No.: 4:26-cv-00028-PPS-AZ<br><br><br>MOTION FOR APPOINTMENT<br>OF COUNSEL |

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Nicole Lawtone-Bowles, proceeding pro se, respectfully moves this

Court pursuant to 28 U.S.C. § 1915(e)(1) and the Court's inherent authority for an

order appointing counsel to represent her in this action. In support thereof, Plaintiff

states as follows:

## I. INTRODUCTION

This case involves complex issues of disability discrimination, race

discrimination, and educational rights arising from Defendants' wrongful expulsion

of Plaintiff from Purdue Global Law School. Plaintiff is a disabled African

American woman who has diligently attempted to secure counsel but has been

unable to do so despite extensive efforts. The complexity of this case, combined

with Plaintiff's documented disabilities, warrants the appointment of counsel under

the exceptional circumstances doctrine.

MOTION FOR APPOINTMENT OF COUNSEL - 1

## II. LEGAL STANDARD

While there is no constitutional or statutory right to appointed counsel in civil cases, district courts have discretion to request attorneys to represent indigent litigants pursuant to 28 U.S.C. § 1915(e)(1) and the court's inherent authority. See Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). The Seventh Circuit employs a multi-factor test to determine whether appointment of counsel is warranted:

1.  The factual and legal complexity of the case;

2.  The plaintiff's ability to investigate facts and present claims;

3.  The nature of the evidence (including the need for expert testimony);

4.  The plaintiff's diligence in attempting to secure counsel; and

5.  The likelihood of success on the merits.

See Pruitt, 503 F.3d at 654-55. While no single factor is dispositive, the court must consider the totality of the circumstances. "[T]he district court should consider the difficulty of the case in relation to the litigant's capabilities; capabilities are measured not against an abstract standard of excellence, but rather against the challenges presented by the case at hand." Id. at 656.

MOTION FOR APPOINTMENT OF COUNSEL - 2

## III. STATEMENT OF FACTS

A. Plaintiff's Background and Disabilities

Plaintiff is a disabled African American woman with documented disabilities certified by the New York State Education Department, ACCES-VR, as eligible for Schedule A hiring authority. Plaintiff has obsessive-compulsive disorder (OCD) and post-traumatic stress disorder (PTSD), which affect her response time and ability to function under pressure. These disabilities necessitate the use of assistive technology, specifically Nuance Dragon Legal Anywhere, a speech-to-text dictation software.

Plaintiff is not an ordinary pro se litigant. She holds:

- An Associate's degree in Paralegal Studies

- A Bachelor's degree in Professional Studies (interdisciplinary studies covering criminal justice, English, legal studies, and philosophy)

- A Juris Master's degree from Liberty University School of Law

- Doctoral-level coursework in health administration and health sciences

Plaintiff is employed as a Clerical Associate IV with New York City, where she handles legal documentation and assists her Deputy Commissioner regularly, using dictation and proofreading skills daily.

MOTION FOR APPOINTMENT OF COUNSEL - 3

B. The Nature of the Dispute

In January 2026, Professor Brian Victor accused Plaintiff of academic dishonesty based solely on circumstantial observations regarding the speed at which she completed coursework. Plaintiff completed assignments quickly because she uses Dragon Legal Anywhere assistive technology, which transcribes speech to text approximately three times faster than typing. Plaintiff's rapid completion reflected her documented disability-related work patterns, not academic misconduct.

Dragon Legal Anywhere is assistive technology, not generative artificial intelligence. It requires the user to speak the content aloud; it does not autonomously generate legal analysis or text. Because speech recognition does not always capture words correctly, Plaintiff proofreads her work before submission—a necessary accommodation for her speech-related disability.

Defendants failed to accommodate Plaintiff's disability. On April 24, 2026, Purdue's Office of Legal Counsel admitted: "We were unaware that you require the use of screen reader assistive technology." This admission demonstrates that Defendants made adverse academic decisions without understanding Plaintiff's disability or her technology needs.

MOTION FOR APPOINTMENT OF COUNSEL - 4

C. Race Discrimination

Plaintiff has recently realized that race discrimination may have contributed to Defendants' adverse actions. The individuals who determined Plaintiff cheated based on her assistive technology use are not African American or Black. The decision-makers are predominantly Caucasian and failed to understand how assistive technology functions. The lack of diversity among decision-makers, combined with their failure to comprehend disability accommodations, raises concerns about implicit bias and discriminatory decision-making.

D. Procedural Deficiencies and Lack of Access

Defendants denied Plaintiff's Satisfactory Academic Progress Appeal on April 17, 2026, via automated email from an unmonitored account. This denial caused immediate and irreparable harm, including loss of eligibility for the State Bar of California's Practical Training of Law Students Program.

Additionally, Plaintiff notes that this Court's procedures present accessibility challenges for disabled pro se litigants. Plaintiff resides outside the district and holds a disability permit. In New York and other jurisdictions, courts offer virtual appearances and e-filing for individuals with disabilities. Plaintiff respectfully suggests that this Court consider expanding accessibility for disabled litigants who cannot easily travel to the courthouse.

MOTION FOR APPOINTMENT OF COUNSEL - 5

E. Diligent but Unsuccessful Efforts to Secure Counsel

Plaintiff has made extensive efforts to obtain counsel:

1. Plaintiff contacted multiple attorneys involved in cases against Purdue University, but these attorneys practice employment law and do not handle education discrimination cases.

2. Plaintiff's monthly legal assistance insurance does not cover this type of case.

3. Plaintiff has been unable to locate attorneys in Indiana who practice civil rights and education law.

4. Plaintiff requires counsel with expertise in:

   o Disability discrimination law (Section 504 of the Rehabilitation Act, ADA)

   o Race discrimination law

   o Education law

   o Civil rights litigation

The intersection of disability rights, race discrimination, and educational access requires specialized expertise that Plaintiff has been unable to locate.

MOTION FOR APPOINTMENT OF COUNSEL - 6

## IV. ARGUMENT

### A. Exceptional Circumstances Warrant Appointment of Counsel

#### 1. Complexity of the Case

This case presents multiple complex legal issues:

a. Disability Discrimination Claims: Plaintiff asserts claims under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. These claims require proof that Defendants failed to accommodate Plaintiff's documented disabilities and that they made adverse academic decisions without understanding her assistive technology needs.

b. Race Discrimination Claims: Plaintiff alleges that the homogeneity of the decision-makers (predominantly Caucasian) and their failure to understand assistive technology used by an African American student raises concerns of race discrimination in violation of federal law.

c. Due Process and Contract Claims: Plaintiff asserts that Defendants failed to follow their own academic dishonesty procedures and violated the implied contract between student and university.

d. Need for Expert Testimony: This case requires expert testimony regarding assistive technology, artificial intelligence detection, and disability accommodations. Pro se litigants cannot effectively secure and examine expert witnesses.

MOTION FOR APPOINTMENT OF COUNSEL - 7

## 2. Plaintiff's Limited Ability to Litigate Despite Training

While Plaintiff has legal training, her disabilities and the procedural limitations of pro se status hinder her ability to effectively litigate this case:

- Plaintiff's OCD and PTSD affect her ability to respond under pressure and manage court deadlines

- Plaintiff cannot file electronically and must rely on mail, creating delays

- Plaintiff cannot effectively depose witnesses or conduct discovery

- Plaintiff cannot argue complex legal issues in court while managing her disabilities

- The emotional toll of representing herself in a case involving her expulsion exacerbates her conditions

The Seventh Circuit has recognized that "the capabilities of the plaintiff are to be measured not against an abstract standard of excellence but rather against the challenges presented by the case at hand." Pruitt, 503 F.3d at 656. Here, the challenges include complex federal statutes, potential expert testimony, and emotionally difficult subject matter.

## 3. Asymmetry of Resources

Defendants are represented by Barnes & Thornburg LLP, a large law firm with substantial resources. Plaintiff is a disabled pro se litigant with limited financial means who has been out of work for over five years. The disparity in resources

MOTION FOR APPOINTMENT OF COUNSEL - 8

creates a "David versus Goliath" dynamic that warrants judicial intervention to ensure a fair adversarial process.

4. Diligence in Seeking Counsel

Plaintiff has demonstrated diligence by contacting multiple attorneys, exploring legal insurance options, and researching counsel with relevant experience. Her inability to secure counsel results from the specialized nature of the case, not lack of effort.

5. Likelihood of Success on the Merits

Plaintiff has strong claims on the merits:

- Defendants admitted they were unaware Plaintiff required assistive technology accommodations

- Plaintiff has documented disabilities certified by government agencies

- Defendants' decision was based on circumstantial evidence without understanding assistive technology

- The timing of expulsion suggests retaliation for protected activity (ED complaints and litigation)

- Recent case law supports Plaintiff's position (Matter of Newby v. Adelphi Univ., 2026 NY Slip Op 26021)

MOTION FOR APPOINTMENT OF COUNSEL - 9

## V. REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Appoint counsel to represent Plaintiff in this action pursuant to 28 U.S.C. § 1915(e)(1) and the Court's inherent authority;

2. Grant a stay of all deadlines pending appointment of counsel;

3. Alternatively, refer Plaintiff to legal aid organizations or pro bono programs that may provide representation;

4. Grant such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

Dated: May 9, 2026

NICOLE LAWTONE-BOWLES

Nicole Lawtone-Bowles

56 Center Street

Highland Falls, New York 10928

(347) 538-5386 | (845)839-0220

NicoleLawtone@aol.com

MOTION FOR APPOINTMENT OF COUNSEL - 10