**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

NICOLE LAWTONE-BOWLES,     )
                              )
      Plaintiff,           )
                              )
     v.                   )   Case No. 4:26-cv-28-PPS-AZ
                              )
PURDUE UNIVERSITY GLOBAL, *et al.*, )
                              )
      Defendants.      )

## <u>ORDER</u>

This matter is before the Court on Plaintiff Nicole Lawtone-Bowles's Motion for Appointment of Counsel [DE 29], filed on May 16, 2026. Plaintiff is a former student at Purdue University's law school and alleges that she was discriminated against and kicked out of the program based on her documented disabilities. During a hearing on May 21, 2026, the presiding District Court Judge took the motion under advisement and subsequently asked me to rule on the motion, as it is a non-dispositive motion that may be handled by a Magistrate Judge. 28 U.S. Code § 636(b); Fed. R. Civ. P. 72(a). For the following reasons, the Court will deny the motion.

As a starting point, the Court notes that Plaintiff's motion is not signed with an original signature. Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). And Northern District of Indiana Local Rule 5-4(b) further requires that "[p]apers delivered to the clerk for filing" in hard copy, such

1

as Plaintiff's motions, "must … include the filer's original signature…"). N.D. Ind. L.R. 5-4(b). While the Court understands and appreciates that Plaintiff is not a lawyer, all litigants, whether they are represented by counsel or representing themselves pro se, must follow the Federal Rules of Civil Procedure and local rules of the court in which they have filed their lawsuit. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[T]he Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure.") (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)); *Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000) ("Although pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants."). She further has extensive legal education and professional experience and appears to desire to become a practicing lawyer. She thus should make every effort to comply with all procedural rules. And while the Court could strike her motion on this basis, in the interest of justice, it will rule on the merits.

As to the substance of Plaintiff's request that the court locate and appoint her an attorney experienced in civil rights and education law to handle her case, "there is no constitutional or statutory right to court-appointed counsel in federal civil litigation . . ." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). In some circumstances, under 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent a person who is unable to afford counsel in a civil case, but "appointment" of counsel rests in the discretion of the district courts, *Pruitt*, 503 F.3d at, 654, "unless denial would result in fundamental unfairness impinging on due process rights."

2

*LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967); *see also McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987). "The general rule is that due process requires the provision of counsel to indigent litigants 'only where the litigant may lose his physical liberty if he loses the litigation.'" *Pruitt*, 503 F.3d at 657 (quoting *Lassiter v. Dep't of Soc. Servs. of Durham County*, 452 U.S. 18, 25 (1981)). Here, there is no threat to Plaintiff's physical liberty so there are no particular due process concerns present.

Thus, the relevant inquiries are: (1) whether Plaintiff has made a reasonable attempt to retain counsel or has been effectively precluded from doing so; and if so, (2) given the difficulty of the case, whether Plaintiff appears competent to litigate the matter herself. *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013) ("To qualify [for appointment of counsel], the indigent litigant must make reasonable efforts at finding counsel himself. If the litigant comes up short, then the district court must decide whether 'given the difficulty of the case,' the plaintiff is 'competent to try it himself.'") (quoting *Pruitt*, 503 F.3d at 654); *see also Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright."); *Castor v. United States*, 883 F. Supp. 344, 346 (S.D. Ind. 1995).

Plaintiff states in her motion that she has "contacted multiple attorneys involved in cases against Purdue University" but they "do not handle education discrimination cases."    DE 29 at 6. She likewise says that she "has been unable ot locate attorneys in Indiana who practice civil rights and education law" without explaining what efforts were made, what attorneys were contacted, or whether or not

3

she has sought assistance from any legal assistance organization. These efforts are insufficient to establish a reasonable effort to obtain counsel on her own because they fail to show specific efforts to contact specific attorneys and why they have chosen not to take her case.

More importantly, however, Plaintiff has not demonstrated that she is incapable of handling this case on her own. In fact, it appears to be just the opposite. Plaintiff has actively been litigating and drafting pleadings on her own behalf in support of her legal arguments. They are clearly written and express her arguments cogently. As she admits in her motion, she has extensive education, including in the law, and works in the legal field. While the Court understands that representing oneself in federal court is no easy task, that is true for all litigants who choose to file cases without a lawyer and represent themselves. Plaintiff is well-versed in the facts of what she alleges to have happened, knows the extent of her own alleged disabilities, and has thus far demonstrated competence in making her case in federal court at this stage of the proceedings. To the extent this matter proceeds to trial in the future, Plaintiff may renew her motion and the Court will reconsider the matter within the specific context of representation at trial.

Accordingly, Plaintiff's Motion for Appointment of Counsel [DE 29] is **DENIED**.

So ORDERED this 22nd day of May 2026.

/s/ Abizer Zanzi
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

cc: Nicole Lawtone-Bowles (U.S. Mail)

4