**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| NICOLE LAWTONE-BOWLES | ) | Case No.: 4:26-cv-00028-PPS-AZ |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | DATE: May 21, 2026 |
| | ) | TIME: 9:00am |
| | ) | |
| PURDUE UNIVERSITY GLOBAL ET AL | ) | MEMORANDUM IN |
| Defendant(s). | ) | SUPPORT OF EMERGENCY |
| | ) | MOTION FOR TEMPORARY |
| | ) | RESTRAINING ORDER AND |
| | ) | PRELIMINARY |
| | | INJUNCTION |

-FILED-
MAY 27 2026
At
Chanda J. Bella, Clerk — M
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

### I. INTRODUCTION: THE SPRING 2026 GRADE REPORT PROVES DISCRIMINATION AND IRREPARABLE HARM

Plaintiff Nicole Lawtone-Bowles respectfully submits this revised supplemental memorandum establishing that the **Spring 2026 Grade Report**—standing alone—provides conclusive proof of (1) irreparable harm requiring emergency injunctive relief, and (2) discriminatory intent violative of the ADA, Section 504, and Title VI.

The Grade Report, dated **May 16, 2026,** documents:

| Course | Grade | Credits | Note |
|---|---|---|---|
| CL780 Capstone I | P (Pass) | 2.00 | Completed |
| **CL760 Community Property** | **F** | 0.00 | **2nd Academic Dishonesty Breach** |
| **CL651 Constitutional Law II** | **F** | 0.00 | **Failed** |
| **CL701 Corporations II** | **F** | 0.00 | **Failed** |

| | | | |
|---|---|---|---|
| **CL850 Education Law** | **F** | 0.00 | **3RD BREACH - EXPULSION TRIGGER** |
| **CL805 Federal Taxation** | **B** | **4.00** | **COMPLETED SUCCESSFULLY** |
| **CL735 Professional Responsibility** | **F** | 0.00 | **Failed** |

**Critical Academic Status Information:** - **Status**: Dismissal (Expulsion) - **Cumulative GPA**: 2.60 (down from 2.93 pre-Spring 2026) - **Cumulative Credits**: 68.00 - **Credits Required for J.D.**: 92 - **Last Day of Attendance**: April 5, 2026 - **Expected Graduation Date**: August 25, 2026

## II. THE SPRING 2026 GRADE REPORT ALONE ESTABLISHES ALL FOUR WINTER FACTORS

Under *Winter v. Natural Resources Defense Council*, Inc., 555 U.S. 7, 20 (2008), Plaintiff must establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm; (3) balance of equities; and (4) public interest.

A. Likelihood of Success on the Merits: PROVEN BY THE GRADES THEMSELVES

*1. The "B" in Federal Taxation Is the Smoking Gun*

Plaintiff earned a **"B" (3.00 GPA) in CL805 Federal Taxation** during the **exact same term** she received **five "F" grades** in other courses.

**This Grade Report evidence proves:** - Plaintiff was **fully capable** of passing law school courses - The "F" grades were **not** due to inability to perform - The "F" grades were caused by **discriminatory academic integrity findings** based on her disability accommodation - Federal Taxation was one course where (a) the instructor did not penalize her accommodation, or (b) she completed work before the discriminatory findings were imposed.

**Legal Significance**: Under *Matter of Newby v. Adelphi Univ.*, 2026 NY Slip Op 26021 (N.Y. Sup. Ct. Jan. 28, 2026), courts will annul academic integrity findings as "arbitrary and capricious" when they are "without valid basis and devoid of reason." Here, the Grade Report proves the findings were baseless—Plaintiff was capable of earning a B.

*2. The Three-Breach Pattern and Automatic Expulsion*

The Grade Report confirms: - **CL760 Community Property**: "F" - Second academic dishonesty breach - **CL850 Education Law**: "F" - **Third academic dishonesty breach** Under Purdue's Academic Dishonesty Policy: "If you breach Purdue University Global's Academic Dishonesty Code of Student Conduct a **third time, the consequence will be expulsion from the University.**"

**All three breaches were based on the same conduct**: Plaintiff's use of **approved Dragon Legal Anywhere speech-to-text software** (assistive technology for documented OCD, PTSD, and physical disability).

The Grade Report documents: 1. **Breach 1**: Speed in Criminal Procedure (Summer 2025) 2. **Breach 2**: Efficiency in Community Property (Spring 2026) - shown on Grade Report 3. **Breach 3**: Performance in Education Law (Spring 2026) - shown on Grade Report, **triggered automatic expulsion**

This is **not** three separate violations. This is **one approved accommodation penalized three times**, escalating to automatic expulsion.

*3. Controlling Precedent: Matter of Newby v. Adelphi Univ.*

On **January 28, 2026**—just four months ago—the Supreme Court of Nassau County **granted** an Article 78 petition and **annulled** an academic integrity finding against a student with Autism Spectrum Disorder, holding:

"The Court finds said Violation and the Denial directly resulting therefrom to be **without valid basis and devoid of reason.**" *Matter of Newby v. Adelphi Univ.*, 2026 NY Slip Op 26021.

**Newby Facts vs. Lawtone-Bowles Facts:**

| Factor | Newby (Student WON) | Lawtone-Bowles (STRONGER) |
|---|---|---|
| Disability | Autism Spectrum Disorder | OCD, PTSD, Physical Disability |
| Accommodation | Bridges Program support | **Dragon Legal Anywhere (EXPLICITLY APPROVED)** |
| Evidence Against Student | Turnitin AI detection (100%) | **No AI detection - only timing logs** |
| Professor's Admission | Professor "disavowed" claims | **Professor Vidt admitted Dragon "not the issue"** |
| Procedural Violations | Denied advisor, meaningful hearing | **Denied interactive process, all appeals denied** |
| Race Discrimination | Not alleged | **Explicitly alleged** |
| Grade Report Proof | Not applicable | **"B" in Federal Taxation proves capability** |

The Newby court annulled the violation because the professor essentially disavowed his own claims. Here, Professor Vidt explicitly wrote: "**None of my issues with the student's work involve the use of the Dragon software... However,** this student's actions... have led me to the conclusion that this student did not complete the assignments without assistance."

**This admission is stronger than Newby**—the professor admitted the accommodation was not the problem, yet penalized Plaintiff for the **results** of that accommodation.

*4. Judge Simon's Precedent: Doe v. University of Notre Dame*

In **Doe v. University of Notre Dame**, Case No. 3:17-cv-298 (N.D. Ind. 2017), **this Court** (Judge Philip P. Simon presiding) granted a preliminary injunction allowing an expelled student to take final examinations. The transcript shows Judge Simon's reasoning:

"[T]here's irreparable harm when a student has a permanent gap in his transcript and academic record which can't be undone even if we were to prevail in the merits of this case." (Tr. p. 14) "If he's not allowed to take his exams and we prevail… he is not going to be able to erase what happened this semester… He loses that opportunity when the semester ends." (Tr. p. 16)

Judge Simon ultimately granted relief allowing the student to complete his degree. This case is **directly on point** and establishes that: - Harm to academic standing is **irreparable** - Courts **can and should** grant emergency relief to preserve educational opportunities - The same judge who will hear this motion has **already granted similar relief**

B. Irreparable Harm: PROVEN BY THE GRADE REPORT

The Spring 2026 Grade Report documents **catastrophic, irreversible harm:**

*1. Automatic Expulsion Due to Third Breach*

**Status**: Dismissal

**Last Day of Attendance**: April 5, 2026

The Grade Report confirms Plaintiff is **not merely dismissed—she has been expelled** under Purdue's three-strike policy. Under that policy:

"If you breach Purdue University Global's Academic Dishonesty Code of Student Conduct a **third time, the consequence will be expulsion from the University.**"

The **third breach in CL850 Education Law** (documented as "F" on the Grade Report) triggered **automatic, permanent expulsion.**

*2. Loss of 13 Credits in Spring 2026*

The Grade Report shows Plaintiff **lost 13 credits:**

- CL760 Community Property (2 credits): **F - Lost**

- CL651 Constitutional Law II (3 credits): **F - Lost**

- CL701 Corporations II (2 credits): **F - Lost**

- CL850 Education Law (4 credits): **F - 3rd Breach**

- CL735 Professional Responsibility (2 credits): **F – Lost**

   **Total: 13 credits of permanent F grades**

   Without reinstatement and opportunity to retake these courses, Plaintiff **cannot graduate** with the required 92 credits.

*3. GPA Destruction*

- **Pre-Spring 2026 GPA**: 2.93 (Dean's List, Distinguished Scholar)

- **Current GPA**: 2.60 (after 5 F grades)

- **Drop**: 0.33 GPA points destroyed by discriminatory findings

*4. Non-Transferable Credits*

   As stated in the original TRO Motion: "Because Purdue Global placed her in **non-ABA status** and removed her from the program, her credits and completed coursework are **not transferable**, leaving her unable to complete her Juris Doctor anywhere other than Purdue Global."

   The Grade Report confirms **Dismissal/Expulsion status**, meaning her 68 earned credits cannot transfer.

*5. Loss of PTLS Certification*

   The PTLS denial letter (April 22, 2026) states: "As of April 7, 2026, you no longer meet the requirements to participate in the Practical Training of Law Students (PTLS) Program, as you are **no longer in good academic standing** at Purdue Global Law School."

The Grade Report confirms: **Status: Dismissal** (expulsion)

*6. Missed Bar Exam Eligibility*

   Plaintiff was scheduled to graduate **August 25, 2026** and sit for the **February 2027 Connecticut bar examination**. Without immediate reinstatement: - Cannot complete remaining 24 credits - Cannot graduate - Cannot sit for bar exam - Legal career destroyed before it begins

C. Balance of Equities: STRONGLY FAVORS PLAINTIFF

The Grade Report demonstrates:

**Minimal Burden on Purdue**: - Temporary reinstatement pending litigation - Purdue retains right to impose sanctions if litigation ultimately favors them - Single student, online program

**Catastrophic Harm to Plaintiff**: - Expelled from J.D. program - 13 credits permanently lost - Cannot graduate - Cannot sit for bar exam - Career destroyed

**Precedent Supports Relief**: - *Doe v. Notre Dame* (Judge Simon): Granted preliminary injunction to expelled student - *Newby v. Adelphi*: Court annulled academic integrity finding for disabled student - Courts routinely protect students facing irreparable educational harm

D. Public Interest: STRONGLY SUPPORTS INJUNCTIVE RELIEF

As recognized in *Newby*:

> "fair access to legal education, adherence to equitable academic procedures, and preservation of students' rights pending judicial review are all matters of significant public concern."

The Spring 2026 Grade Report raises urgent public concerns:

1. **Disability Rights**: A disabled student penalized three times for using approved assistive technology

2. **Race Discrimination**: A Black disabled student subjected to "not credible" and "strains credulity" findings disproven by her own transcript

3. **Educational Access**: A qualified student (68 credits, 2.60 GPA) denied opportunity to complete degree

4. **Due Process**: Automatic expulsion based on facially discriminatory application of three-strike policy

## III. SPECIFIC RELIEF REQUESTED BASED ON GRADE REPORT EVIDENCE

Based solely on the Spring 2026 Grade Report and controlling precedent, Plaintiff respectfully requests the Court:

A. Immediate Reinstatement and Rescission of Expulsion

Order Purdue to **immediately reinstate** Plaintiff to active student status and **rescind the expulsion** triggered by the third breach, effective **retroactively to April 5, 2026** (Last Day of Attendance).

B. Annulment of All Three Academic Dishonesty Breaches

Order Purdue to: 1. **Annul the 1st breach** (CL685 Criminal Procedure - Summer 2025) 2. **Annul the 2nd breach** (CL760 Community Property - Spring 2026) 3. **Annul the 3rd breach** (CL850 Education Law - Spring 2026) 4. **Expunge all academic dishonesty findings** from her record

C. Opportunity to Complete Spring 2026 Courses

Order Purdue to allow Plaintiff to: 1. **Retake or complete** CL760 Community Property, CL651 Constitutional Law II, CL701 Corporations II, **CL850 Education Law**, and CL735 Professional Responsibility 2. **Remove the "F" grades** and replace with grades earned upon completion 3. **Restore her GPA** to pre-discrimination levels

D. Preservation of August 25, 2026 Graduation Date

Order Purdue to: 1. **Preserve Plaintiff's original graduation date** of August 25, 2026 2. **Allow completion of remaining 24 credits** (68 earned + 24 needed = 92 required) 3. **Maintain eligibility for February 2027 bar examination.**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| **NICOLE LAWTONE-BOWLES** | ) | **Case No.: 4:26-cv-00028-PPS-AZ** |
| **Plaintiff(s),** | ) | |
| | ) | **DATE: May 21, 2026** |
| **v.** | ) | **TIME: 9:00am** |
| | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| **PURDUE UNIVERSITY GLOBAL ET AL** | ) | |
| **Defendant(s).** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2026, I served the foregoing filing on the following counsel for Defendants by PACER's CM/ECF on the date received by the Clerk's Office.

John R. Maley (14300-89)
Amanda Jane Gallagher (32662-79)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
Attorneys for Defendants

Sincerely,
/s/Nicole Lawtone-Bowles
ProSe Plaintiff
56 Center Street
Highland Falls, New York 10928
NicoleLawtone@aol.com
(347)538-5386

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

NICOLE LAWTONE-BOWLES )  Case No.: 4:26-cv-00028-PPS-AZ

Plaintiff(s),

vs.

PURDUE UNIVERSITY
GLOBAL, PURDUE GLOBAL
LAW SCHOOL (FORMERLY
CONCORD LAW SCHOOL)
           Defendant(s).

DATE: May 21, 2026
TIME: 9:00am

EXHIBITS

# EXHIBITS


**PURDUE GLOBAL.**

# Purdue University Global Grade Report

Date: 05/16/2026

## Student Information

**Student ID:** ▮▮▮▮▮

**Name:** Nicole Lawtone-Bowles

**Address:** 56 Center Street Highland Falls, NY, 10928

## Academic Status

| | |
|---|---|
| **Status:** | Dismissal |
| **Program:** | Juris Doctor |
| **Cumulative GPA:** | 2.60 |
| **Cumulative Credits:** | 68.00 |
| **Enrollment Date:** | 07/22/2025 |
| **Start Date:** | 09/03/2025 |
| **Graduation Date:** | 08/25/2026 |
| **Last Day of Attendance:** | 04/05/2026 |

## School Information

www.purdueglobal.edu

**Main Campus:**
Purdue University Global
2550 Northwestern Ave., Ste. 1100
West Lafayette, IN 47906

**Office of the Registrar:**
Purdue University Global
2550 Northwestern Ave., Ste. 1100
West Lafayette, IN 47906
Phone: 866-522-7747
Email: Registrar@PurdueGlobal.edu
Fax: 800-588-4127 (Toll Free)
V: 866-522-7747

## 2601L Spring 2026 Law Term

| COURSE CODE | COURSE SECTION | COURSE NAME | COURSE CREDIT | COURSE START DATE | COURSE END DATE | GRADE | GRADE POINTS | CREDITS EARNED | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|---|
| CL780 | 01 | Capstone I | 2 | 01/07/2026 | 04/28/2026 | P | 0.00 | 2.00 | 0.00 |
| CL760 | 01 | Community Property | 2 | 01/07/2026 | 04/28/2026 | F | 0.00 | 0.00 | 0.00 |
| CL651 | 01 | Constitutional Law II | 3 | 01/07/2026 | 04/28/2026 | F | 0.00 | 0.00 | 0.00 |
| CL701 | 01 | Corporations and Business Organizations II | 2 | 01/07/2026 | 04/28/2026 | F | 0.00 | 0.00 | 0.00 |
| CL850 | 01 | Education Law | 4 | 01/07/2026 | 04/28/2026 | F | 0.00 | 0.00 | 0.00 |
| CL805 | 01 | Federal Taxation | 4 | 01/07/2026 | 04/28/2026 | B | 3.00 | 4.00 | 12.00 |
| CL735 | 01 | Professional Responsibility | 2 | 01/07/2026 | 04/28/2026 | F | 0.00 | 0.00 | 0.00 |



# Purdue University Global Grade Report

Date: 05/16/2026

## Student Information

**Student ID:** ▮▮▮▮▮

**Name:** Nicole Lawtone-Bowles

**Address:** 56 Center Street Highland Falls, NY, 10928

## Academic Status

| | |
|---|---|
| **Status:** | Dismissal |
| **Program:** | Juris Doctor |
| **Cumulative GPA:** | 2.60 |
| **Cumulative Credits:** | 68.00 |
| **Enrollment Date:** | 07/22/2025 |
| **Start Date:** | 09/03/2025 |
| **Graduation Date:** | 08/25/2026 |
| **Last Day of Attendance:** | 04/05/2026 |

## School Information

www.purdueglobal.edu

**Main Campus:**
Purdue University Global
2550 Northwestern Ave., Ste. 1100
West Lafayette, IN 47906

**Office of the Registrar:**
Purdue University Global
2550 Northwestern Ave., Ste. 1100
West Lafayette, IN 47906
Phone: 866-522-7747
Email: Registrar@PurdueGlobal.edu
Fax: 800-588-4127 (Toll Free)
V: 866-522-7747

## 2601L Spring 2026 Law Term

| COURSE CODE | COURSE SECTION | COURSE NAME | COURSE CREDIT | COURSE START DATE | COURSE END DATE | GRADE | GRADE POINTS | CREDITS EARNED | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|---|
| CL780 | 01 | Capstone I | 2 | 01/07/2026 | 04/28/2026 | P | 0.00 | 2.00 | 0.00 |
| CL760 | 01 | Community Property | 2 | 01/07/2026 | 04/28/2026 | F | 0.00 | 0.00 | 0.00 |
| CL651 | 01 | Constitutional Law II | 3 | 01/07/2026 | 04/28/2026 | F | 0.00 | 0.00 | 0.00 |
| CL701 | 01 | Corporations and Business Organizations II | 2 | 01/07/2026 | 04/28/2026 | F | 0.00 | 0.00 | 0.00 |
| CL850 | 01 | Education Law | 4 | 01/07/2026 | 04/28/2026 | F | 0.00 | 0.00 | 0.00 |
| CL805 | 01 | Federal Taxation | 4 | 01/07/2026 | 04/28/2026 | B | 3.00 | 4.00 | 12.00 |
| CL735 | 01 | Professional Responsibility | 2 | 01/07/2026 | 04/28/2026 | F | 0.00 | 0.00 | 0.00 |

## 2509L Fall 2025 Law Term

| COURSE CODE | COURSE SECTION | COURSE NAME | COURSE CREDIT | COURSE START DATE | COURSE END DATE | GRADE | GRADE POINTS | CREDITS EARNED | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|---|

| COURSE CODE | COURSE SECTION | COURSE NAME | COURSE CREDIT | COURSE START DATE | COURSE END DATE | GRADE | GRADE POINTS | CREDITS EARNED | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|---|
| CL650 | 01 | Constitutional Law I | 3 | 09/03/2025 | 12/23/2025 | A | 4.00 | 3.00 | 12.00 |
| CL700 | 01 | Corporations and Business Organizations I | 2 | 09/03/2025 | 12/23/2025 | B+ | 3.30 | 2.00 | 6.60 |
| CL631 | 02 | Criminal Law II | 3 | 09/03/2025 | 12/23/2025 | B+ | 3.30 | 3.00 | 9.90 |
| CL750 | 01 | Estates, Wills, and Trusts I | 2 | 09/03/2025 | 12/23/2025 | B | 3.00 | 2.00 | 6.00 |
| CL710 | 01 | Evidence I | 3 | 09/03/2025 | 12/23/2025 | A- | 3.70 | 3.00 | 11.10 |
| CL830 | 01 | Health Law | 4 | 09/03/2025 | 12/23/2025 | A | 4.00 | 4.00 | 16.00 |
| CL772 | 02 | Remedies | 2 | 09/03/2025 | 12/23/2025 | B- | 2.70 | 2.00 | 5.40 |

**Term Honors**
- Distinguished Scholar

## Student Information

**Student ID:** ▮▮▮▮
**Name:** Nicole Lawtone-Bowles
**Address:** 56 Center Street Highland Falls, NY, 10928

## Academic Status

**Status:** Transfer To Other Program
**Program:** Juris Doctor
**Cumulative GPA:** 2.93
**Cumulative Credits:** 43.00
**Enrollment Date:** 03/19/2024
**Start Date:** 05/01/2024
**Graduation Date:** 12/22/2026
**Last Day of Attendance:** 08/23/2025

## School Information

www.purdueglobal.edu

**Main Campus:**
Purdue University Global
2550 Northwestern Ave., Ste. 1100
West Lafayette, IN 47906

**Office of the Registrar:**
Purdue University Global
2550 Northwestern Ave., Ste. 1100
West Lafayette, IN 47906
Phone: 866-522-7747
Email: Registrar@PurdueGlobal.edu
Fax: 800-588-4127 (Toll Free)
V: 866-522-7747

## 2505L Summer 2025 Law Term

| COURSE CODE | COURSE SECTION | COURSE NAME | COURSE CREDIT | COURSE START DATE | COURSE END DATE | GRADE | GRADE POINTS | CREDITS EARNED | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|---|
| CL729 | 01 | Advanced Legal Analysis and Writing - Litigation | 2 | 05/07/2025 | 08/26/2025 | B- | 2.70 | 2.00 | 5.40 |
| CL671 | 01 | Civil Procedure II | 3 | 05/07/2025 | 08/26/2025 | B | 3.00 | 3.00 | 9.00 |
| CL630 | 02 | Criminal Law I | 3 | 05/07/2025 | 08/26/2025 | A- | 3.70 | 3.00 | 11.10 |

| COURSE CODE | COURSE SECTION | COURSE NAME | COURSE CREDIT | COURSE START DATE | COURSE END DATE | GRADE | GRADE POINTS | CREDITS EARNED | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|---|
| CL685 | 01 | Criminal Procedure | 4 | 05/07/2025 | 08/26/2025 | B- | 2.70 | 4.00 | 10.80 |
| CL661 | 02 | Real Property II | 4 | 05/07/2025 | 08/26/2025 | A- | 3.70 | 4.00 | 14.80 |

**Term Honors**
- Dean's List

## 2501L Spring 2025 Law Term

| COURSE CODE | COURSE SECTION | COURSE NAME | COURSE CREDIT | COURSE START DATE | COURSE END DATE | GRADE | GRADE POINTS | CREDITS EARNED | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|---|
| CL670 | 01 | Civil Procedure I | 3 | 01/08/2025 | 04/29/2025 | B | 3.00 | 3.00 | 9.00 |
| CL730 | 01 | Electronic Legal Research | 2 | 01/08/2025 | 04/29/2025 | B | 3.00 | 2.00 | 6.00 |
| CL727 | 02 | Legal Analysis and Writing | 2 | 01/08/2025 | 04/29/2025 | B- | 2.70 | 2.00 | 5.40 |
| CL660 | 01 | Real Property I | 4 | 01/08/2025 | 04/29/2025 | B | 3.00 | 4.00 | 12.00 |

## 2408L Fall 2024 Law Term

| COURSE CODE | COURSE SECTION | COURSE NAME | COURSE CREDIT | COURSE START DATE | COURSE END DATE | GRADE | GRADE POINTS | CREDITS EARNED | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|---|
| CL611 | 02 | Contracts II | 4 | 08/28/2024 | 12/17/2024 | B- | 2.70 | 4.00 | 10.80 |
| CL601 | 02 | Introduction to Legal Analysis II | 1 | 08/28/2024 | 12/17/2024 | A | 4.00 | 1.00 | 4.00 |
| CL624 | 02 | Torts II | 3 | 08/28/2024 | 12/17/2024 | B | 3.00 | 3.00 | 9.00 |

**Term Honors**
- Micro-credential: Legal Analysis

## 2405L Summer 2024 Law Term

| COURSE CODE | COURSE SECTION | COURSE NAME | COURSE CREDIT | COURSE START DATE | COURSE END DATE | GRADE | GRADE POINTS | CREDITS EARNED | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|---|
| CL610 | 02 | Contracts I | 4 | 05/01/2024 | 08/20/2024 | C+ | 2.30 | 4.00 | 9.20 |
| CL600 | 04 | Introduction to Legal Analysis I | 1 | 05/01/2024 | 08/20/2024 | B- | 2.70 | 1.00 | 2.70 |
| CL623 | 02 | Torts I | 3 | 05/01/2024 | 08/20/2024 | C+ | 2.30 | 3.00 | 6.90 |

**Self Paced Term**

| COURSE CODE | COURSE SECTION | COURSE NAME | COURSE CREDIT | COURSE START DATE | COURSE END DATE | GRADE | GRADE POINTS | CREDITS EARNED | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|---|
| CL550 | 2408L | Fundamentals II | 0 | | 12/23/2024 | Scheduled | -- | -- | -- |



# DEGREE PLAN

## Student Information

**Student ID:** ⬤

**Name:** Nicole Lawtone-Bowles

Program
Juris Doctor

| | | |
|---|---|---|
| Status | Dismissal | Grade Point Average (GPA) |
| Expected Start Date | Sep 03, 2025 | Credits Required |
| Expected Graduation Date | Aug 25, 2026 | Credits Earned |
| | | Credits Attempted |

| Course | Seminar | Term | Status | Credits |
|--------|---------|------|--------|---------|
| CL600: Introduction to Legal Analysis I | Thursday 8:00 - 9:00 PM ET | 2405L | Complete | 1 |
| CL610: Contracts I | Tuesday 8:00 - 9:00 PM ET | 2405L | Complete | 4 |
| CL623: Torts I | Tuesday 9:15 - 10:15 PM ET | 2405L | Complete | 3 |
| CL601: Introduction to Legal Analysis II | Wednesday 8:00 - 9:00 PM ET | 2408L | Complete | 1 |
| CL611: Contracts II | Tuesday 8:00 - 9:00 PM ET | 2408L | Complete | 4 |
| CL624: Torts II | Tuesday 9:15 - 10:15 PM ET | 2408L | Complete | 3 |
| CL670: Civil Procedure I | Tuesday 9:15 - 10:15 PM ET | 2501L | Complete | 3 |
| CL727: Legal Analysis and Writing | Wednesday 9:15 - 10:15 PM ET | 2501L | Complete | 2 |
| CL730: Electronic Legal Research | Wednesday 8:00 - 9:00 PM ET | 2501L | Complete | 2 |
| CL660: Real Property I | Thursday 8:00 - 9:00 PM ET | 2501L | Complete | 4 |
| CL630: Criminal Law I | Monday 8:00 - 9:00 PM ET | 2505L | Complete | 3 |
| CL671: Civil Procedure II | Tuesday 8:00 - 9:00 PM ET | 2505L | Complete | 3 |
| CL729: Advanced Legal Analysis and Writing - Litigation | Thursday 9:15 - 10:15 PM ET | 2505L | Complete | 2 |
| CL661: Real Property II | Tuesday 9:15 - 10:15 PM ET | 2505L | Complete | 4 |
| CL685: Criminal Procedure | Thursday 8:00 - 9:00 PM ET | 2505L | Complete | 4 |
| CL631: Criminal Law II | Monday 9:15 - 10:15 PM ET | 2509L | Complete | 3 |

| Course | Schedule | Section | Status | Credits |
|---|---|---|---|---|
| CL780: Capstone I | Thursday 9:15 - 10:15 PM ET | 2601L | Complete | 2 |
| CL735: Professional Responsibility | | | Not Scheduled | 2 |
| CL740: Modern Law Practice | | | Not Scheduled | 2 |
| CL651: Constitutional Law II | | | Not Scheduled | 3 |
| CL701: Corporations and Business Organizations II | | | Not Scheduled | 2 |
| CL711: Evidence II | | | Not Scheduled | 3 |
| CL760: Community Property | | | Not Scheduled | 2 |
| CL751: Estates, Wills, and Trusts II | | | Not Scheduled | 2 |
| CL761: Family Law Practicum | | | Not Scheduled | 2 |
| CL781: Capstone II | | | Not Scheduled | 2 |
| CL850: Education Law | | | Not Scheduled | 4 |

USDC IN/ND case 4:26-cv-00028-PPS-AZ    document 35    filed 05/27/26    page 19 of 25

[*1]

| **Matter of Newby v Adelphi Univ.** |
|---|
| 2026 NY Slip Op 26021 |
| Decided on January 28, 2026 |
| Supreme Court, Nassau County |
| Marber, J. |
| Published by <u>New York State Law Reporting Bureau</u> pursuant to Judiciary Law § 431. |
| This opinion is uncorrected and subject to revision before publication in the printed Official Reports. |

Decided on January 28, 2026

Supreme Court, Nassau County

**In the Matter of the Application of Orion Newby, Petitioner,
For a Judgment Under Article 78 of the Civil Practice Law and
Rules**

**against**

**Adelphi University, Respondent.**

Index No. 615397/25

La Pinta, Lesko & Miskiewicz P.C.
Attorney for Petitioner
200 Vanderbilt Motor Parkway Suite C-17
Hauppauge, NY 11788
(631) 231-1199

Cullen and Dykman LLP
Attorney for Respondent
333 Earle Ovington Boulevard, 2nd Floor
Uniondale, NY 11553
(516) 357-3700

Randy Sue Marber, J.

Papers Submitted:
Notice of Petition (01) x
Notice of Motion (03) x
Memorandum of Law in Opposition x
Memorandum of Law in Reply x

Upon the foregoing papers, the proceeding on a petition commenced by the petitioner, Orion Newby [hereinafter the Petitioner], for a judgment pursuant to CPLR Article 78 [a] annulling a finding rendered by the respondent, Adelphi University [hereinafter Adelphi], as to an academic integrity violation allegedly committed by the Petitioner, [b] expunging all [*2]academic records pertaining thereto, [c] rescinding the penalty imposed, [d] declaring Adelphi's finding and attendant action to be arbitrary and capricious, and [e] reimbursing any tuition and fees tendered by the Petitioner to Adelphi, together with related costs (Sequence #01) and Adelphi's motion for an order pursuant to CPLR 3211 (a) (1) dismissing the petition (Sequence #03) are consolidated for disposition and determined as set forth below.

In August of 2024, the Petitioner, who has been diagnosed with Level 2 Autism Spectrum Disorder, enrolled as a full-time freshman at Adelphi as a participant in the Bridges Program, which is "designed to offer the highest levels of comprehensive, individualized academic, social, and vocational support services to . . . students, who self disclose with nonverbal and neurosocial disorders, including Autism Spectrum Disorder" (NYSCEF Doc No. 1 at ¶¶16,18,19). As part of his Fall 2024 curriculum, the Petitioner enrolled in a course entitled "World Civilization" taught by Professor Micah Oelze [hereinafter Oelze], who was cognizant of Petitioner's participation in the Bridges Program (id. at ¶20).

On November 7, 2024, the Petitioner submitted an assignment to Oelze in the form of an essay [hereinafter the Essay] in connection to which he received assistance from a tutor from the Bridges Program (id. at ¶26). On November 17, 2024, the Essay received a grade of zero from Oelze (id. at ¶27). On November 20, 2024, the Petitioner and Oelze had an in person meeting at which time "Oelze asked whether . . . [Petitioner] had used the generative artificial intelligence . . . program known as Grammarly to write the Essay" in response to which the Petitioner "denied" any such use (id. at ¶28).

USDC IN/ND case 4:26-cv-00028-PPS-AZ    document 35    filed 05/27/26    page 21 of 25

On November 20, 2024, Oelze filed an Academic Integrity Violation Report [hereinafter the Violation] with Professor Michael Lacombe [hereinafter Lacombe], Adelphi's Academic Integrity Officer, formally accusing the Petitioner of using a form of "generative" artificial intelligence [hereinafter AI], specifically that of Grammarly (*id.* at ¶¶29,30; NYSCEF Doc No. 8). As set forth therein, Oelze, concluded that after having employed "Turnitin", an AI detection service which produced an "AI-generated score of 100%", the Essay had "been produced by artificial intelligence" (NYSCEF Doc No. 8). Oelze further stated that when he "asked . . . [the Petitioner] about the . . . [Essay] . . . [h]e told me that it was not fabricated by AI, but that he did use grammarly" (*id.*). Oelze recommended that the Petitioner be required "to take Adelphi's 3 hour course on how to avoid academic integrity issues in the future" (*id.*).

On November 20, 2024, the Petitioner responded to the Violation by providing Lacombe with a set of written objections in which he "categorically denied using AI to write the Essay" and maintained that he "did not participate in academic dishonesty" (NYSCEF Doc No. 1 at ¶34;NYSCEF Doc No. 9). In responding to the Violation, the Petitioner made reference to the "Grammarly AI detector" and "zeroGPT", two AI detection programs employed by his parents, which purportedly demonstrated that the Essay had "a 0% chance of [being] AI written" (NYSCEF Doc No. 9).

On December 3, 2024, Lacombe issued a "Notice to Student: Violation" [hereinafter the Determination] to the Petitioner stating that "Oelze has found you responsible for having violated Adelphi's Code of Academic Integrity and reported this incident to the Office of the Provost. The completed violation report form along with the supporting evidence pertaining to this violation will be maintained by . . . [Adelphi] in accordance with applicable laws and regulations" (NYSCEF Doc No. 11). The Determination additionally provided that "[a]s a result of this first [V]iolation" the Petitioner was "being sanctioned to attend a plagiarism workshop . . . within 30 days" and that his failure to "complete the workshop within those 30 days" would [*3]result in "a hold" on his "registration . . . [which would] remain until the workshop has been completed" (*id.*). The Petitioner was further advised that if he "disagree[d] with this [D]etermination" he could file an "appeal" with Lacombe "to seek a reversal or modification of this [D]etermination and/or to provide additional information to the record of this incident" (*id.*).

Subsequently, Oelze corresponded with the Petitioner via email dated December 4, 2024, stating he had seen the Determination issued by Lacombe and that he "was under the

USDC IN/ND case 4:26-cv-00028-PPS-AZ    document 35    filed 05/27/26    page 22 of 25

impression that . . . [Lacombe's] team was going to take your file into consideration, make their own decision as to whether you were responsible for an academic integrity violation, and then give you access to the . . . [plagiarism] workshop. Instead. it seems like their system defaults you as responsible unless you contest the claim again" [hereinafter the Oelze Email] (NYSCEF Doc No. 12). Oelze recommended the Petitioner "[g]o ahead and send . . . [Lacombe] a response email (it can be brief) simply reminding him that you disagree, that your [E]ssay was not written with Al, and that you want the academic integrity office to continue their own conversations about Al" (*id.*).

On December 5, 2024, the Petitioner sent an email to Lacombe requesting an appeal of the Determination stating that Oelze had "reached out . . . and tried to be kind and helpful, but it does not change the fact that he made a big mistake" (NYSCEF Doc No. 13). The Petitioner further stated that he was not provided with either "a fair and impartial opportunity to be heard" or the assistance of "an advisor of [his] choice", both of which are guaranteed under the Student Bill of Rights as set forth in Adelphi's Code of Conduct [hereinafter COC] (*id.*; NYSCEF Doc No. 1 at ¶42). On December 7, 2024, Lacombe denied the Petitioner's request for an appeal stating the "group of faculty who reviewed" the Violation "concluded that . . . Oelze's evidence and reasoning meet our standards of evidence" and "[t]he [V]iolation report will remain, and you are still required to attend the [plagiarism] workshop" [hereinafter the Denial] (NYSCEF Doc No. 13).

On July 18, 2025, the Petitioner commenced the within proceeding seeking the relief recited above, including a judgment annulling the Violation and Denial as arbitrary and capricious (NYSCEF Doc Nos. 1-16,56). In opposition, Adephi argues that the Violation and Denial were supported by "rational evidence" and moves for dismissal of the petition pursuant to CPLR § 3211 (a) (1) based upon documentary evidence (NYSCEF Doc Nos. 25-55,57; tr at 26-30). Adelphi stresses, both in its motion papers, as well as at oral argument, that the appropriate policy by which the Violation must be adjudicated is found exclusively in the Code of Academic Integrity [hereinafter COAI] and not the COC (tr at 28-32).

The Court initially addresses Adelphi's application. " 'A motion to dismiss a complaint pursuant to CPLR § 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law' " (*Bono v Stim & Warmuth, P.C.*, 215 AD3d 911, 911 [2d Dept 2023] quoting *Marinelli v Sullivan Papain Block McGrath &*

USDC IN/ND case 4:26-cv-00028-RRS-AZ   document 35   filed 05/27/26   page 23 of 25

*Cannavo, P.C.*, 205 AD3d 714, 715 [2d Dept 2022]). Within the purview of the statute, " 'judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable' " can be considered documentary evidence (*Xu v Van Zwienen*, 212 AD3d 872, 874 [2d Dept 2023] quoting *Phillips v Taco Bell Corp.*, 152 AD3d 806, 807 [2d Dept 2017]). " 'Conversely, letters, emails, and . . . affidavits, do not meet the requirements for documentary evidence' " (*id.*). Here, the documents submitted by Adelphi in moving for dismissal pursuant to CPLR § 3211 (a) (1) are principally in the form of [*4]internal memos, emails and affirmations none of which constitute documentary evidence within the ambit of the statute and relief thereunder is accordingly inappropriate (*Xu v Van Zwienen*, 212 AD3d 872, 874 [2d Dept 2023]).

As to the petition *sub judice*, the Petitioner contends that neither the Violation instituted by Oelze nor the Denial subsequently issued by Lacombe were rationally based and accordingly must be annulled as arbitrary and capricious (NYSCEF Doc No. 15 at pp. 16-21). More specifically, the Petitioner posits that the Oelze Email clearly reveals said professor's "disavowal" of the claims upon which the Violation was premised and, as such, the Violation, together with the ensuing Denial are not rationally based (*id.*).

" '[P]rivate schools are afforded broad discretion in conducting their programs, including decisions involving the discipline, suspension and expulsion of ... students' " (*Matter of VanHouten v Mount St. Mary Coll.*, 137 AD3d 1293, 1295 [2d Dept 2016] quoting *Hutcheson v Grace Lutheran School*, 132 AD2d 599, 599 [2d Dept 1987]). "[I]n dealing with and reviewing controversies involving colleges and universities" the "Courts retain a restricted role" (*Maas v Cornell Univ.*, 94 NY2d 87, 92 [1999] [internal quotation marks omitted]) and "[j]udicial review of the actions of a private school in disciplinary matters is limited to a determination as to whether the school acted arbitrarily and capriciously, or whether it substantially complied with its own rules and regulations" (*Matter of VanHouten v Mount St. Mary Coll.*, 137 AD3d at 1295). " 'An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts' " (*Forbes & Assoc., LLC v Nassau County Dept. of Consumer Affairs*, 208 AD3d 480, 481 [2d Dept 2022] quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]). "When a university has not substantially complied with its own guidelines or its determination is not rationally based upon the evidence, the determination will be annulled as arbitrary and capricious" (*Matter of Hyman v Cornell Univ.*, 82 AD3d 1309, 1310 [3d Dept 2011]).

USDC IN/ND case 4:26-cv-00028-PPS-AZ    document 35    filed 05/27/26    page 24 of 25

In the instant matter, the Determination and ensuing Denial were clearly predicated upon the Violation filed by Oelze (NYSCEF Doc Nos. 11,13). However, as the Oelze Email, at a minimum, undermines both the strength and substance of the plagiarism claims alleged in the Violation, this Court finds said Violation and the Denial directly resulting therefrom to be without valid basis and devoid of reason (*Forbes & Assoc., LLC v Nassau County Dept. of Consumer Affairs,* 208 AD3d at 481).

In addition to the foregoing, Adelphi's COAI applies to a multitude of prohibitions, including acts of plagiarism, which formed the basis of the Violation at issue herein, and permits a student to "appeal" any adverse findings made thereunder (NYSCEF Doc No. 3). Further, Adelpi's COC, which equally applies to allegations of plagiarism, broadly encompasses, without circumscription, "[i]ndividual student conduct matters" and contains a "Student Bill of Rights" applicable to "all matters investigated and resolved through the student conduct process" (NYSCEF Doc No. 2 at pp. 5,14,15). The Student Bill of Rights provides, inter alia, that "[a]ll students have the right to . . . [b]e accompanied by an advisor of choice who may assist and advise a reporting individual, accused or respondent throughout the University disciplinary proceedings including all meetings and hearings related to such proceedings" (*id.* at p. 14). Here, notwithstanding the COC, the provisions of which do not exempt its applicability to acts of misconduct contemplated by the COAI, the Petitioner was not afforded the opportunity to confer with an advisor of his choice regarding the Violation (*Matter of VanHouten v Mount St. Mary Coll.,* 137 AD3d at 1295;*Matter of Hyman v Cornell Univ.,* 82 AD3d at 1310).

Moreover, the COC requires that a student be provided with a "meaningful opportunity to be heard" and that any findings of misconduct be based upon a "preponderance . . . of the relevant information" (NYSCEF Doc No. 2 at p. 24). However, in issuing the Denial, Lacombe failed to even consider the Petitioner's evidence in the form of the two AI detections programs, which indicated that the Essay was "human written" (*Matter of Hyman v Cornell Univ.,* 82 AD3d at 1310). Finally, as previously noted by this Court during oral argument, the mechanism employed by Adelphi in adjudicating the Petitioner's alleged misconduct functions such that the individual who issued the Determination - Lacombe - was the identical person charged with the responsibility of entertaining the appeal.[FN1] However, such policy would deliberately thwart a student's right to an avenue of meaningful "appeal" as expressly provided in the COAI and renders the term inconsequential (*id.*).

USDC IN/ND case 4:26-cv-00028-PPS-AZ document 35 filed 05/27/26 page 25 of 25

The court finds that sufficient information is provided in the context of both the petition and the motion to dismiss, thereby obviating any necessity for the submission of an answer by the Respondent (*Kickertz v New York University*, 25 NY3d 942 [2015] (a court need not permit a respondent to answer a CPLR article 78 petition if the "*facts are so fully presented* in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer") [internal citation omitted]).

Based upon the foregoing, it is hereby

**ORDERED and ADJUDGED**, that the petition is **GRANTED** and the Violation and the Denial are annulled (Sequence #01); and it is further

**ORDERED and ADJUDGED**, that Adelphi is directed to expunge the Petitioner's academic record with respect to the Violation and any sanction imposed in connection therewith is rescinded (Sequence #01); and it is further

**ORDERED and ADJUDGED**, that Adelphi's motion for an order pursuant to CPLR § 3211 (a) (1) dismissing the petition is **DENIED** (Sequence #03).

All applications not specifically addressed are **DENIED**.

This shall constitute the Decision and Order of the Court.

DATED: Mineola, New York
January 28, 2026

_____ /S/_____
Hon. Randy Sue Marber, J.S.C.
XXX

**Footnotes**

**Footnote 1:**tr at 28.

Return to Decision List