**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| NICOLE LAWTONE-BOWLES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:26-CV-28-PPS-AZ |
| | ) | |
| PURDUE UNIVERSITY GLOBAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff Nicole Lawtone-Bowles, proceeding pro se, brought this action against Purdue University Global relating to her recent dismissal from their online law school. On May 21, 2026, the Court held a telephonic conference with the parties to discuss setting a hearing on Plaintiff's motion for a preliminary injunction. [DE 3.] Ms. Lawtone-Bowles seeks an injunction ordering her reinstatement. During the hearing, Lawtone-Bowles, who lives in New York, voiced her objection to attending an in-person hearing due to financial hardship. On May 26, 2026, the Court issued an order holding her motion for a preliminary injunction in abeyance until she informs the court that she stands ready to appear in person and present evidence in support of her motion. [DE 34.] In this order, I explained the grounds for conducting the hearing in person. [*Id*.] The next day, Lawtone-Bowles filed a memorandum in support of her motion for a preliminary injunction.  [DE 35.]

On June 1, 2026, the Court set a preliminary injunction hearing for June 12. [DE 37.] Lawtone-Bowles emailed court staff that same day explaining that she will not attend the in-person hearing.

Courts possess inherent authority to dismiss an action for failure to prosecute. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Consequently, a "less severe sanction" is "undoubtedly within a court's inherent power as well." *See id.* at 45. The Court twice explained to Lawtone-Bowles why she needs to attend the hearing in person—during the May 21 conference and in the May 26 order [DE 34]. She has unequivocally stated that she will not attend the hearing due to financial constraint. As explained in my previous order [DE 34], it was foreseeable to Lawtone-Bowles when she filed this case outside of her home state that she would need to attend proceedings in person.

Pursuant to the Court's inherent authority to sanction a party for failure to prosecute, Lawtone-Bowles' motion for a preliminary injunction [DE 3] is DENIED WITHOUT PREJUDICE. When Lawtone-Bowles is prepared to litigate the motion for preliminary injunction in person, she can file a motion to that effect, and I will promptly set the matter for hearing. But for now, the June 12, 2026, hearing on Lawtone-Bowles' motion for a preliminary injunction [DE 3] is VACATED.

SO ORDERED.

ENTERED: June 8, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT