UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| NICOLE LAWTONE-BOWLES, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-00028-PPS-AZ |
| | ) | |
| PURDUE UNIVERSITY GLOBAL; | ) | |
| PURDUE GLOBAL LAW SCHOOL; | ) | |
| SHAUN JAMISON, JD, PhD, | ) | |
| Associate Dean of Academics; | ) | |
| BRIAN VICTOR, JD, SARAH DIAB, JD, | ) | |
| and VICTORIA VIDT, JD, are Adjunct | ) | |
| Professors of Law, | ) | |
| | ) | |
| *Defendants*. | ) | |

## REPORT OF PARTIES' PLANNING MEETING

1.      The parties held a planning meeting via Zoom conference call under Fed. R. Civ. P. 26(f) on Friday, June 5, 2026.  Plaintiff participated and Amanda Gallagher participated for the Defendants. The parties agreed to this Report on June 10, 2026 via email.

2.      Jurisdiction: Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff asserts federal claims under Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973, Titles II and III of the Americans with Disabilities Act, and 42 U.S.C. § 1981.

3.      Pre-Discovery Disclosures: The parties will exchange, *but may not file*, Rule 26(a)(1) information by **July 24, 2026**.[1]

4.      Discovery Plan: The parties propose the following discovery plan. Discovery will be needed on the following subjects:

      a.      Allegations and issues raised in Plaintiff's pleadings;

      b.      The defenses in Defendants' pleadings;

      c.      Nature, extent and amount of Plaintiff's alleged damages; and

      d.      Credibility of Plaintiff and other relevant witnesses.

Disclosure or discovery of electronically stored information should be handled as follows:

---

[1] The court encourages setting all deadlines on business days.

a. The parties have discussed preservation and disclosure of electronically stored discovery information. At this time, the parties do not believe that a substantial volume of ESI will be produced in this case, or that electronic discovery in this case will be out of the ordinary from what has been the standard electronic discovery practice for such actions, involving limited employment claims and a limited scope in terms of electronic data to be sought. If, as the case progresses, the parties do believe that a substantial volume of ESI is likely to be produced the parties agree to confer and either enter into a written agreement concerning the production of ESI or move to amend this Report as necessary. The parties are likely to seek discovery on: (1) the allegations and claims contained in Plaintiff's pleadings; (2) any defenses raised by Defendants or otherwise available in response to Plaintiff's claims; and (3) the extent, nature, severity and amount of Plaintiff's alleged damages.

b. Disclosure or production of ESI will be limited to data that is reasonably available/accessible to the parties in the ordinary course of business.

c. The parties agree to produce hard copies (or, alternatively, at the producing party's discretion, copies of the documents in .pdf format or in an industry standard load file production consisting of single-page bates-stamped TIFF images) of all requested electronic data when available, absent any privileges or objections which would preclude or protect such data from being disclosed. The parties reserve the right to withhold any discovery documents/data based on a known privilege or objection. If the receiving party determines, in good faith, that disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request that an electronic copy, including metadata as appropriate, be provided to it, and the producing party may object to such a production. Any extraordinary costs for duplication shall be allocated to the requesting party.

d. Unless the party with the burden of bearing the costs as specified below demonstrates to the Court that the cost is overly burdensome, the following presumptions apply: (1) To the extent

that the parties request files or copies of documents, the parties agree that such requests shall be provided to the other party in the normal and traditional course of discovery, with the producing party bearing the cost of assembling the responses to the requests in the format of its choosing (e.g., hard-copy/CD/DVD); and (2) To the extent that a party requests the production of items in an electronic format after having received hard copy documents, the parties shall come to an agreement as to the allocation of costs prior to such production being made. Nothing in this language is intended to preclude any party from petitioning for the reimbursement of costs in the event the party prevails in this matter.

e.      In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter. All other disputes regarding privilege shall be resolved pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

f.      The parties shall comply with Local Rule 37-1 regarding issues associated with the discovery and production of ESI.  The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense.  Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve.

g.      The last date to complete non-expert discovery and discovery relating to liability is **March 12, 2027**.  The last date to complete expert discovery and discovery related to damages is **June 11, 2027**.

h.      Maximum of **25** interrogatories by each party to any other party.

i.      Maximum of **25** requests for admission by each party to any other party.

j.      Maximum of **3** depositions by Plaintiff and 3 by Defendants.

k.      Each deposition is limited to a maximum of **7 hours** unless extended by stipulation.

l.      The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

- **April 9, 2027** for Plaintiff;
- **May 14, 2027** for Defendants; and
- **June 11, 2027** for Rule 26(e) supplements.

5.      Other Items.

- The last date the Plaintiff may seek permission to join additional parties and to amend the pleadings is **August 14, 2026**.
- The last date the Defendants may seek permission to join additional parties and to amend the pleadings is **August 14, 2026**.
- The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.
- The case should be ready for a bench trial by **October 2027** and at this time is expected to take approximately **2** days.
- At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

5.  Alternative Dispute Resolution. The case's settlement prospects may be enhanced via the

following ADR procedure:

6. Mediation The parties have agreed to defer the election of a mediator until a later date.

7. Other:  None.

Date:  June 10, 2026

Respectfully submitted,

*s/Nicole Lawtone-Bowles*
Nicole Lawtone-Bowles (*Pro Se)*
56 Center Street
Highland Falls, NY 10928
Telephone:  347-538-5386
Email:  nicolelawtone@aol.com

*Pro Se Plaintiff*

*s/Amanda Jane Gallagher*
John R. Maley
Amanda Jane Gallagher
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
Telephone:     317.231.7464
Facsimile:      317.231.7433
Email:          jmaley@btlaw.com
                    amanda.gallagher@btlaw.com

*Counsel for Defendants*