UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NICOLE LAWTONE-BOWLES, | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) No. 4:26-cv-00028-PPS-AZ |
| | ) |
| PURDUE UNIVERSITY GLOBAL, *et al,* | ) |
| | ) |
| *Defendants.* | ) |

**DEFENDANTS' MOTION TO DISMISS**

Defendants respectfully move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) under the Federal Rules of Civil Procedure. As set forth more fully in the accompanying brief, Plaintiff's claims cannot proceed because Purdue Global's academic decision-making is afforded deference and because her complaint does not make out a claim for a violation of the Americans with Disabilities Act.

First, the Seventh Circuit has consistently granted deference to decisions made by university instructors and administrators related to academics. These decisions are the product of professional knowledge and expertise that is not subject to judicial second-guessing. Purdue Global followed its procedures, held multiple hearings, and allowed Plaintiff multiple opportunities to explain her work product and her use of assistive technology. This level of review supports a finding of deference for Purdue Global's decision to dismiss Plaintiff from the law school program.

Second, Plaintiff cannot show how she is otherwise qualified to complete the program or that her dismissal was a result of discriminatory animus because of her disability. Purdue Global requires students to independently complete their assignments. Plaintiff's speed and volume of work is inconsistent with that requirement, and the university made multiple findings of academic misconduct based on these violations. Without performing her work in line with university policies, Plaintiff is not

qualified to continue in the law school program. Additionally, her dismissal was not based on discriminatory animus or her use of assistive technology. Purdue Global approved Plaintiff's use of speech-to-text technology to complete her coursework. Her dismissal was based on something distinct—her inability to show or explain that she independently authored her work. Because Plaintiff cannot show either of these key elements of her ADA claim, her complaint must be dismissed.

For these reasons, and those set forth in the accompanying brief, Purdue Global respectfully requests that the Court dismiss all claims against it with prejudice and award any further relief the Court deems appropriate.

Respectfully submitted,

/s/ John R. Maley
John R. Maley (#14300-89)
Amanda Jane Gallagher (#32662-79)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
Telephone:  317-236-1313
Facsimile:  317-231-7433
jmaley@btlaw.com
amanda.gallagher@btlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2026, a true and correct copy of the foregoing

was served by United States mail on the following recipient at the address listed below:

Nicole Lawtone-Bowles
56 Center Street
Highland Falls, NY 10928

*/s/ Amanda Jane Gallagher*
Amanda Jane Gallagher