UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NICOLE LAWTONE-BOWLES, | ) |
| | ) |
| *Plaintiff*, | ) |
| v. | ) No. 4:26-cv-00028-PPS-AZ |
| | ) |
| PURDUE UNIVERSITY GLOBAL, *et al,* | ) |
| | ) |
| *Defendants.* | ) |

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

This case arises from multiple findings of academic misconduct against Plaintiff Nicole Lawtone-Bowles that led to her dismissal from the Purdue Global Law School program. Now, Plaintiff seeks remedies for violations of the Americans with Disabilities Act ("ADA") against Defendants, including Purdue Global Law School and various instructors ("Purdue Global").

But these findings of academic dishonesty did not arise from any discriminatory animus. They were found only after repeated reports from law school instructors who raised concerns about the volume, speed, and accuracy of Plaintiff's work. She argued that these discrepancies were due to her use of speech-to-text technology, but her explanations were inadequate to account for the level of work she accomplished in such short periods of time. After multiple disciplinary hearings and chances for Plaintiff to explain her work and use of this assistive technology, Purdue Global made the decision to dismiss her from the law school in line with its policies.

These facts cannot give rise to an ADA claim. Purdue Global's decision was arrived at through professional knowledge and expertise that is afforded deference under the law. Additionally, Plaintiff cannot show that she was otherwise qualified to complete the program when she did not follow university policies related to independent authorship. These determinations were made only after careful review and procedural steps, not through pretext or discrimination. Consequently, Plaintiff's claims fail and must be dismissed.

1

### I.    Facts

The following factual allegations are set forth in Plaintiff's Complaint. Dkt. 1. Purdue Global accepts the non-conclusory factual allegations contained therein as true for purposes of this Motion only.

Purdue Global Law School operates as part of Purdue University Global, a regionally accredited institution organized as a public, nonprofit university serving adult learners. *See* Dkt. 1 at ¶¶ 22-23. Its law school, accredited by the Committee of Bar Examiners of the State Bar of California, provides a fully online legal education designed to meet professional standards for entry into the legal profession.

Plaintiff Nicole Lawtone-Bowles was a law student at Purdue Global Law School. *Id.* ¶ 1. She became disabled in 2019 when she was crushed between a work van and another vehicle. *Id.* ¶ 4. Based on this disability, Purdue Global approved Plaintiff's use of speech-to-text dictation technology to complete her law school coursework. *Id.* ¶¶ 5-6. With this technology, Plaintiff speaks aloud and the software program converts her words into text. *Id.* ¶ 7. This makes her writing appear faster and different from traditional typing. *Id.* ¶ 8.

Instructors from multiple courses accused Plaintiff of academic dishonesty due to the speed in which she completed her assignments and the appearance of her writing in submitted materials. *Id.* ¶¶ 9-10. Additionally, some of Plaintiff's work included citation errors. *Id.* ¶ 11. In response to these reports of academic misconduct, Purdue Global held disciplinary proceedings, where Plaintiff explained that her use of the speech-to-text software was the cause of these discrepancies. *Id.* ¶¶ 12, 14, 16. Purdue Global personnel did not find these explanations to be credible and made three findings of academic misconduct. *Id.* ¶ 15, 17. After the third finding of academic misconduct, Purdue Global dismissed Plaintiff from the law school program. *Id.* ¶¶ 18-19.

### II.    Legal Standard

A motion to dismiss made under Rule 12(b)(6) tests whether a complaint has successfully stated "a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although all factual allegations in the complaint are taken as true, a plaintiff must prove "more than labels or conclusions" or a "formulaic" recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). To survive a motion to dismiss, the plaintiff "must state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible only when a plaintiff pleads facts that allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Conclusory allegations "are not entitled to the assumption of truth." *Id.* at 679.

### III.    Argument

Plaintiff's complaint should be dismissed for two reasons: Purdue Global is afforded deference for its decisions related to academic misconduct and Plaintiff's complaint has not stated any claim from which relief can be granted, much less an ADA claim.

Federal disability statutes apply to institutions of higher education, but courts afford substantial deference to academic judgments, particularly where discipline is based on independent findings of misconduct rather than discrimination. *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 225 (1985). This is because academic judgments involve expert evaluation not suited to judicial second-guessing. *See Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 90, 96 n.6 (1978). That deference is not absolute; it requires courts to apply a balanced approach between deferring to honest academic judgments and scrutinizing claims of discrimination. *Royan v. Chicago State Univ.*, 145 F.4th 681, 684 (7th Cir. 2025); *Khan v. Midwestern Univ.*, 879 F.3d 838, 844 (7th Cir. 2018). Purdue Global, through its equal application of clear policies on academic misconduct, is afforded this deference for its academic decisions.

Second, Plaintiff's complaint does not make any specific claim. Plaintiff has not pled an ADA claim, but this motion construes her complaint as stating one based on the facts presented. Even with these facts, Plaintiff cannot show that she was otherwise qualified to continue in the law school program or that her dismissal was based on discrimination or her disability.

### A. Purdue Global's professional judgment in this academic decision is given substantial deference.

Although universities are not exempt from discrimination laws, there are "significant costs associated with heavy-handed judicial intrusion into internal academic decisions." *Novak v. Board of Trustees of Southern Illinois Univ.*, 777 F.3d 966, 976 (7th Cir. 2015) (internal quotations omitted). Academic decisions rest on subjective judgments about academic potential and rely on professional judgment. *Id.* Courts may not override academic decisions, including dismissals, "unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Ewing*, 474 U.S. at 225. ("When judges are asked to review the substance of a genuinely academic decision…they should show great respect for the faculty's professional judgment.") Deference is afforded to the academic dismissal process to avoid the risk of "deterioration of many beneficial aspects of the faculty-student relationship." *Horowitz*, 435 U.S. at 90.

Purdue Global made three findings of academic misconduct regarding the Plaintiff's volume, speed, and citation accuracy. Dkt. 1 at ¶¶ 9-11, 15. Plaintiff was provided multiple opportunities to respond to the allegations, including written responses and formal hearings. *Id.* ¶¶ 12-15. She was unable to adequately explain how she accomplished the speed and level of work in such a short amount of time using speech-to-text software. *Id.* These determinations came after multiple reports of academic misconduct, multiple levels of review, and hearings. *Id.* ¶ 16. This level of review and genuine professional judgment supports a finding of deference for Purdue Global's decision to dismiss Plaintiff from the law school program.

**B. Plaintiff's allegations do not meet the requirements of an ADA claim.**

The Americans with Disabilities Act provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity. 42 U.S.C. § 12132. To state a claim for an ADA violation against a university, the plaintiff must establish that (1) she is disabled; (2) she is qualified to participate in the program; (3) she suffered an adverse action; and (4) nondisabled students were treated more favorably. *Novak*, 777 F.3d at 974.

Purdue Global does not dispute that Plaintiff is disabled or that she suffered an adverse action through her dismissal from the program. Purdue Global argues that Plaintiff is not otherwise qualified to meet the program's requirements and that because her dismissal was not due to her disability or accommodation, she was not treated less favorably than nondisabled students.

1. Plaintiff is not otherwise qualified to meet the law school program's requirements because she did not independently complete her coursework, which is against university policy.

A person is "otherwise qualified" if she is able to meet all of the program's requirements despite her disability, with or without reasonable accommodation. *Khan*, 879 F.3d at 844; *see also Royan*, 145 F.4th at 690 (holding that the plaintiff was not otherwise qualified when she failed required clinical rotations necessary for the program, and the university had consistently provided reasonable accommodations.) "Academic decisions, such as whether a student is qualified for, or entitled to promotion within a program, must be left to the broad discretion of the academic institution." *Khan,* 879 F.3d at 844.

Purdue Global recognized and permitted Plaintiff to use assistive speech-to-text technology across all her courses. Dkt. 1 at ¶¶ 5-6. Purdue Global never denied her access to this assistance. *Id.* Even so, academic integrity, including independent authorship, is a core requirement of Purdue Global Law School's program. A student who does not meet these requirements cannot successfully complete

5

the program and these requirements cannot be waived as an accommodation under the ADA. *See id.* ¶¶ 9, 15-19; *Royan*, 145 F.4th at 684 (holding that disability discriminations laws do not "exempt students from meeting legitimate academic standards" or "require institutions that reasonably accommodate a student's disabilities to lower these standards.").

As described above, multiple instructors made reports of academic misconduct and dishonesty related to Plaintiff's work throughout her time at Purdue Global Law School. *Id.* ¶ 9. These reports included situations where Plaintiff completed coursework at unreasonable speeds during closed book exams. *Id.* ¶ 10. Each time, these reports were reviewed and verified by the Academic Appeals Committee. *Id.* ¶ 16. Plaintiff argued that her use of speech-to-text technology was causing the problems identified in her work. *Id.* ¶ 12. But she was offered multiple opportunities to explain how her speech-to-text software would allow her to submit such extensive, detailed, and quick work throughout these courses. Plaintiff was unable to adequately explain her work and could not provide the same level of knowledge demonstrated in her work when prompted. *See id.* ¶¶ 15-18. With each report of academic dishonesty, Purdue Global increased the penalty until Plaintiff was ultimately dismissed in accordance with university policy. *See id.* ¶¶ 18-19.

Purdue Global provided Plaintiff the opportunity to use speech-to-text software in her coursework. The use of this technology is not the cause of Plaintiff's dismissal from the law school. Instead, Plaintiff was dismissed for her failure to independently complete her courses in alignment with Purdue Global's academic integrity standards. Plaintiff conflates her disability and use of assistive technology with the misconduct that led to her dismissal, but these are distinct issues. It was Plaintiff's separate violation of academic integrity policies—not her use of assistive technology—that resulted in her dismissal. As a result, Plaintiff cannot be considered "otherwise qualified" to complete the program and her dismissal from the program was justified.

2. Purdue Global followed and applied its discipline policies to Plaintiff's misconduct in the same way it does for all students.

To demonstrate that the law school dismissed her by reason of her disability, the plaintiff must show that the disability was the "but-for" cause of the dismissal. *See Schoper v. Board of Trustees of Western Illinois Univ.*, 119 F.4th 527, 535 (7th Cir. 2024).

Plaintiff cannot show that her disability, and her use of speech-to-text technology, was the cause of her dismissal. Purdue Global allowed Plaintiff to use speech-to-text technology to complete her coursework. Plaintiff was not dismissed for her use of this technology, but because she could not adequately explain how her work product was independently authored. Purdue Global offered Plaintiff multiple opportunities to explain how this technology could account for the discrepancies identified in her work. Purdue Global did not find any of these explanations credible when compared to Plaintiff's work output. In her Complaint, Plaintiff still fails to explain how this software could have produced her work product. She only states that the technology allows her writing to appear faster and different from traditional typing. Dkt. 1 at ¶ 8. This explanation does not account for or explain her ability to complete and submit work at the volume, speed, and accuracy that she accomplished.

In the face of these reports from course instructors, Purdue Global followed the University's Academic Dishonesty Policy. They held disciplinary proceedings against her and offered her a chance to explain how she accomplished this work, even with the assistance of speech-to-text technology. Dkt. 1 at ¶¶ 15-18. Purdue Global's consistent application of its established policies demonstrates the absence of animus. Plaintiff does not allege that Purdue Global deviated from its standard procedures, treated Plaintiff differently from other students accused of academic misconduct, or harbored animus toward her disability or use of assistive technology. No reasonable jury could find that Purdue Global's decision to dismiss Plaintiff was dishonest or the result of discriminatory animus. *See Royan*, 145 F.4th at 691. On the contrary, Purdue Global granted Plaintiff's request to use speech-to-text software to complete her coursework, provided her opportunities to explain these findings of misconduct, and

gave her the chance to correct the misconduct. Because Plaintiff could not meet the expectations of the law school program or the Academic Dishonesty Policy, she was dismissed from the program. Thus, there is no discriminatory animus or pretext for discrimination and Plaintiff's complaint should be dismissed.

### IV.    Conclusion

For each and all of the foregoing reasons, Purdue Global respectfully moves the Court to dismiss Plaintiff's Complaint pursuant to the Federal Rules of Civil Procedure 12(b)(6) and award Purdue Global all other just and proper relief.

Respectfully submitted,

*/s/John R. Maley*
John R. Maley (#14300-89)
Amanda Jane Gallagher (#32662-79)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
Telephone:  317-236-1313
Facsimile:  317-231-7433
jmaley@btlaw.com
amanda.gallagher@btlaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of June, 2026, a true and correct copy of the foregoing

was served by United States mail on the following recipient at the address listed below:

Nicole Lawtone-Bowles
56 Center Street
Highland Falls, NY 10928

*/s/ Amanda Jane Gallagher*
Amanda Jane Gallagher