-FILED-

JUN 23 2026

At_____
Chanda J. Berta, Clerk M
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nicole Lawtone-Bowles<br>Plaintiff,<br>v.<br><br>Purdue Global Law School,<br>Purdue University Global,<br>Sarah Diab, Shaun Jamison,<br>Brian Victor, & Victoria Vidt<br>Defendants | Case No.: 4:26-cv-00028-PPS-AZ<br>Judge: Hon. Philip P. Simon<br>Magistrate Judge: Hon. Abizer Zanzi<br><br>PLAINTIFF'S REPLY IN OPPOSITION<br>TO DEFENDANTS' MOTION TO<br>DISMISS |

## PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### STATEMENT OF FACTS ACCEPTED BY DEFENDANTS

For purposes of its Motion to Dismiss, Purdue Global accepts as true the non-conclusory factual allegations in Plaintiff's Complaint. See Defs.' Br. at 2. Those accepted facts establish that Plaintiff Nicole Lawtone-Bowles is a fifty-four-year-old Black woman who became disabled in 2019 when she was crushed between a work van and another vehicle. See Dkt. 1 ¶ 4. Purdue Global approved Plaintiff's use of speech-to-text dictation technology to complete her law school coursework. See id. ¶¶ 5-6. Instructors from multiple courses accused Plaintiff of academic dishonesty due to the speed and volume of her work. See id. ¶¶ 9-10. After multiple disciplinary hearings, Purdue Global made three findings of academic misconduct and dismissed Plaintiff from the law school program. See id. ¶¶ 15, 17-19. Purdue Global does not dispute that Plaintiff is disabled or that she suffered an adverse action. See Defs.' Br. at 5.

# ARGUMENT

**A. Purdue Global's Academic Deference Argument Fails Because Its Decision Was a Substantial Departure from Accepted Academic Norms, Not an Honest Exercise of Professional Judgment.**

Issue: Whether Purdue Global's dismissal decision is entitled to academic deference under *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214 (1985), and *Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78 (1978).

Rule: Academic deference applies only to decisions that reflect "genuine professional judgment." *Ewing*, 474

3

U.S. at 225. Courts may override academic decisions when the decision is "such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Id.* The Seventh Circuit has clarified that while courts must show "great respect for the faculty's professional judgment," they must apply a "balanced approach between deferring to honest academic judgments and scrutinizing claims of discrimination." *Royan v. Chicago State Univ.*, 145 F.4th 681, 684 (7th Cir. 2025). Crucially, the Seventh Circuit has expressly held that "Congress did not intend that institutions of higher learning enjoy immunity from the Nation's antidiscrimination statutes." *Novak v. Board of Trustees of Southern Illinois Univ.*, 777 F.3d 966, 976 (7th Cir. 2015).

Application: Purdue Global's decision was not an honest exercise of professional judgment because it was predicated on penalizing Plaintiff for using an accommodation that Purdue Global itself had approved. Under *Matter of Newby v. Adelphi Univ.*, 2026 NY Slip Op 26021, at.*3 (N.Y. Sup. Ct. Nassau Cnty. Jan. 28, 2026), a court recently annulled an academic integrity finding as "without valid basis and devoid of reason" where the professor's own email "undermines both the strength and substance of the plagiarism claims alleged in the Violation." In the instant case, the record contains an admission from Professor Vidt—the professor who initiated at least one of the academic dishonesty findings—that "None of my issues with the student's work involve the use of the Dragon software." This admission is fatal to Purdue's claim of professional judgment because it establishes that the professor penalized Plaintiff for the *results* of her approved accommodation, not for any independent misconduct.

Furthermore, Purdue Global's three-breach escalation pattern demonstrates that the university targeted Plaintiff's approved accommodation rather than evaluating her work product. Purdue penalized Plaintiff's use of Dragon Legal Anywhere three separate times—first for "speed" in Criminal Procedure, second for "efficiency" in Community Property, and third for "performance" in Education Law—to trigger automatic expulsion. See Dkt. 1 ¶¶ 9-11, 15, 17-19. This is not three separate violations; it is one approved accommodation penalized three times to engineer an automatic dismissal. Under *Novak*, 777 F.3d at 976, when an academic decision is a pretext for discrimination, the academic deference doctrine does not apply.

4

Conclusion: Purdue Global's dismissal decision is not entitled to academic deference because it was a substantial departure from accepted academic norms, penalizing an approved accommodation rather than evaluating academic performance honestly.

**B. Purdue Global's "Otherwise Qualified" Defense Fails Because Plaintiff Is Qualified to Perform Law School Work and Penalizing an Approved Accommodation Violates Federal Law.**

Issue: Whether Plaintiff is "otherwise qualified" to participate in Purdue Global's Juris Doctor program under the ADA, Section 504, and the Rehabilitation Act.

Rule: A person is "otherwise qualified" if she is "able to meet all of the program's requirements in spite of her disability, with or without a reasonable accommodation." *Royan*, 145 F.4th at 684; *Khan v. Midwestern Univ.*, 879 F.3d 838, 844 (7th Cir. 2018). However, universities cannot rely on "uninformed stereotypes" or "presumptions as to what a class of individuals with disabilities can or cannot do" to defeat the "otherwise qualified" determination. Additionally, under 28 C.F.R. § 36.309(b)(1)(i), examinations must be "selected and administered so as to best ensure that, when the examination is administered to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level... rather than reflecting the individual's impaired sensory, manual, or speaking skills." *See Bonnette v. District of Columbia Court of Appeals*, 796 F. Supp. 2d 164, 168 (D.D.C. 2011) (interpreting the "best ensure" regulation).

Application: Purdue Global argues that Plaintiff is not "otherwise qualified" because she "did not independently complete her coursework" and her "speed and volume of work is inconsistent with that requirement." Defs.' Br. at 5-6. This argument rests on the presumption that Plaintiff's use of Dragon Legal Anywhere produced work she could not have authored herself. But Purdue Global approved Dragon Legal Anywhere as a reasonable accommodation. When a university approves an accommodation and then penalizes the student for the output of that accommodation, the university violates the "best ensure" standard because it requires the student's results to reflect her manual impairment rather than her aptitude.

Moreover, Purdue Global's own factual admissions contradict its "otherwise qualified" defense. Purdue admits

5

that Plaintiff "became disabled in 2019," that Purdue "approved Plaintiff's use of speech-to-text dictation technology," and that Plaintiff "explained that her use of the speech-to-text software was the cause of these discrepancies." Dkt. 1 ¶¶ 4, 5-6, 12. The fact that Purdue Global held "multiple hearings" and gave Plaintiff "multiple opportunities to explain" demonstrates that Purdue was aware the "discrepancies" were caused by the accommodation. Id. ¶¶ 12, 14, 16. Yet Purdue proceeded to dismiss her anyway. Under *Royan*, 145 F.4th at 684, disability discrimination laws do not "exempt students from meeting legitimate academic standards" or "require institutions that reasonably accommodate a student's disabilities to lower these standards." But Purdue Global did not apply legitimate academic standards; it applied standards that penalized the output of an approved accommodation.

Conclusion: Plaintiff is "otherwise qualified" because Purdue Global's own admissions establish that the alleged "misconduct" was the direct result of her approved accommodation. Penalizing that accommodation violates the "best ensure" standard and constitutes discrimination, not a legitimate academic judgment.

**C. Purdue Global Cannot Show the Absence of Discriminatory Animus Because It Penalized the Same Approved Accommodation Three Times to Engineer Automatic Expulsion.**

Issue: Whether Plaintiff has plausibly alleged that her disability was the "but-for" cause of her dismissal.

Rule: To state a claim under the ADA, a plaintiff must show that her disability was the "but-for" cause of the adverse action. *Schoper v. Board of Trustees of Western Illinois Univ.*, 119 F.4th 527, 535 (7th Cir. 2024). However, where a defendant penalizes the plaintiff for conduct that is the direct result of an approved accommodation, the disability is the but-for cause of the adverse action.

Application: Purdue claims that Plaintiff "was not dismissed for her use of this technology, but because she could not adequately explain how her work product was independently authored." Defs.' Br. at 7. This argument ignores the three-breach escalation pattern documented in the Complaint. The first breach (Summer 2025) was for "speed" in Criminal Procedure. Dkt. 1 ¶ 10. The second breach (Spring 2026) was for "efficiency" in Community Property. Id. The third breach (Spring 2026) was for "performance" in Education Law. Id. All three breaches were based on the same conduct: Plaintiff's use of approved Dragon Legal

6

Anywhere speech-to-text software.

But-for Plaintiff's disability, she would not have needed Dragon. But-for her use of Dragon, she would not have produced work at the "speed" and "volume" that Purdue penalized. And but-for Purdue's decision to penalize that approved accommodation three times, she would not have been automatically expelled. Under *Schoper*, 119 F.4th at 535, this is sufficient to establish but-for causation at the pleading stage. Purdue's assertion that "no reasonable jury could find that Purdue Global's decision to dismiss Plaintiff was dishonest or the result of discriminatory animus" is premature at the motion to dismiss stage, where the Court must accept Plaintiff's well-pleaded facts as true and draw all reasonable inferences in her favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Conclusion: Plaintiff has plausibly alleged that her disability was the but-for cause of her dismissal because Purdue Global penalized the same approved accommodation three times to trigger automatic expulsion.

**D. Purdue Global's Motion to Dismiss Fails as to Plaintiff's Title VI and 42 U.S.C. § 1981 Claims Because Purdue Did Not Address Them.**

Issue: Whether Purdue Global's Motion to Dismiss addresses all of Plaintiff's claims.

Rule: A defendant must challenge each claim in a complaint to obtain dismissal. A motion to dismiss that addresses only one claim does not affect the others. *See* Fed. R. Civ. P. 12(b)(6). Under 42 U.S.C. § 1981, individual defendants can be held personally liable for race discrimination in the making and enforcement of contracts. *See David v. Neumann Univ.*, 187 F. Supp. 3d 554, 558 (E.D. Pa. 2016); *Tripp v. Long Island Univ.*, 48 F. Supp. 2d 220, 227 (E.D.N.Y. 1999).

Application: Purdue Global's Motion to Dismiss and accompanying Brief address only the ADA claim. Purdue does not mention Plaintiff's Title VI claim, her Section 504 claim, her ADA Title II claim, her ADA Title III claim, or her 42 U.S.C. § 1981 claim. These claims are independently viable and are supported by the factual allegations in the Complaint. The § 1981 claim is particularly strong because it permits suit against individual defendants in their personal capacity for race discrimination in the making and enforcement of contracts. *See*

7

*David*, 187 F. Supp. 3d at 558; *Tripp*, 48 F. Supp. 2d at 227.

Furthermore, Plaintiff's Complaint alleges that all decision-makers were Caucasian, that she was subjected to heightened scrutiny and credibility attacks, and that she was treated differently from similarly situated non-Black students. Dkt. 1 ¶¶ 20-25. At the motion to dismiss stage, these allegations are sufficient to state a plausible claim for race discrimination under Title VI and § 1981. Purdue's failure to address these claims constitutes an admission that they cannot be dismissed at this stage.

Conclusion: Purdue Global's Motion to Dismiss fails as to Plaintiff's Title VI, Section 504, and § 1981 claims because it does not address them.

**E. This Court Should Apply the Same Standards That Judge Philip P. Simon Applied in *Doe v. University of Notre Dame* to Protect Students from Arbitrary Academic Dismissals.**

Issue: Whether this Court should consider persuasive authority from the same judge regarding the arbitrary and capricious nature of university disciplinary proceedings.

Rule: Courts may rely on persuasive authority from the same judge or court when addressing similar issues. *Doe v. University of Notre Dame*, No. 3:17-CV-298, 2017 WL 1943543 (N.D. Ind. May 8, 2017), is a persuasive authority from this same Court and this same Judge, Hon. Philip P. Simon.

Application: In *Doe v. University of Notre Dame*, Judge Simon granted a preliminary injunction against the University of Notre Dame, finding that the plaintiff had "more than a negligible chance of prevailing on his breach of contract claim" because the university's disciplinary process was "arbitrary and capricious in a number of respects." *Id.* at *20. Judge Simon identified eight separate factors that rendered Notre Dame's process arbitrary and capricious, including: (1) lack of meaningful notice; (2) failure to obtain and review the entire context of communications; (3) arbitrary limits on hearing testimony; (4) failure to consider the respondent's mental health; (5) a "data dump" of supplemental materials; (6) limitations on the examination of witnesses; (7) the accused student being "essentially on his own"; and (8) conclusory and dismissive denial of the appeal. *Id.* at *20-26.

8

The instant case presents even more egregious procedural deficiencies. Purdue Global approved Plaintiff's accommodation, held multiple hearings where Plaintiff explained that the "discrepancies" were caused by the accommodation, and then dismissed her anyway. This is the equivalent of a university promising a fair process and then ignoring the evidence that exonerates the student. Under *Doe v. Notre Dame*, such a process is arbitrary and capricious.

Conclusion: This Court should apply the same rigorous scrutiny of university disciplinary procedures that Judge Simon applied in *Doe v. Notre Dame* and find that Purdue Global's dismissal of Plaintiff was arbitrary and capricious.

# CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied in its entirety. Plaintiff has stated plausible claims under the ADA, Section 504, Title VI, and 42 U.S.C. § 1981. The academic deference doctrine does not apply where the university penalized an approved accommodation. Plaintiff is "otherwise qualified" because penalizing an approved accommodation violates federal law. Plaintiff's disability was the but-for cause of her dismissal. Purdue Global failed to address Plaintiff's Title VI and § 1981 claims. And this Court should apply the same standards it applied in *Doe v. Notre Dame* to protect students from arbitrary academic dismissals. Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss and grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/Nicole Lawtone-Bowles, Pro Se

56 Center Street

Highland Falls, New York 10928

(347) 538-5386

9

# CERTIFICATE OF SERVICE

I, Nicole Lawtone-Bowles, hereby certify that on receipt by the clerk, a true and correct copy of

the foregoing Plaintiff's Reply In Opposition To Defendants' Motion To Dismiss was served

upon Defendants' counsel of record by CM/ECF upon:

John R. Maley, Esq.

Amanda Jane Gallagher, Esq.

Barnes & Thornburg LLP

11 South Meridian Street

Indianapolis, IN 46204

Respectfully submitted,

/s/Nicole Lawtone-Bowles, Pro Se

56 Center Street

Highland Falls, New York 10928

(347) 538-5386

10