**-FILED-**
JUN 2 5 2026
At_____M
Chanda J. Bella, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Nicole Lawtone-Bowles**<br>            **Plaintiff,**<br><br>        v.<br><br>**Purdue Global Law School,**<br>**Purdue University Global,**<br>**Sarah Diab, Shaun Jamison,**<br>**Brian Victor, & Victoria Vidt**<br><br>**Defendants** | **Case No.: 4:26-cv-00028-PPS-AZ**<br>**Judge: Hon. Philip P. Simon**<br>**Magistrate Judge: Hon. Abizer**<br>**Zanzi**<br><br>**PLAINTIFF'S PRE-HEARING**<br>**BRIEF IN SUPPORT OF**<br>**PRELIMINARY INJUNCTION** |

## PLAINTIFF'S PRE-HEARING BRIEF IN SUPPORT OF
## PRELIMINARY INJUNCTION

Date: June 18, 2026
Re: Preliminary Injunction Hearing, July 10, 2026

## TABLE OF AUTHORITIES

**Cases**

| Case | Citation |
|---|---|
| *Abdullah v. Rowan Univ.* | No. 23-12557, 2024 WL 4657869 (D.N.J. Nov. 12, 2024) |
| *Ashcroft v. Iqbal* | 556 U.S. 662 (2009) |
| *Bell Atl. Corp. v. Twombly* | 550 U.S. 544 (2007) |
| *Bonnette v. D.C. Ct. of Appeals* | 796 F. Supp. 2d 164 (D.D.C. 2011) |
| *Daniels v. Notre Dame Univ.* | No. 3:22-CV-512, 2024 WL 492792 (N.D. Ind. Feb. 7, 2024) |
| *Doe v. Atkinson* | No. A163562, 2023 WL 6727403 (Cal. Ct. App. Oct. 19, 2023) |
| *Doe v. Norwalk Cmty. Coll.* | No. 3:05-CV-1675, 2007 WL 2066497 (D. Conn. July 16, 2007) |

| | |
|---|---|
| *Doe v. Purdue Univ.* | No. 4:18-CV-00089-JEM, 2022 WL 175405 (N.D. Ind. Jan. 18, 2022) |
| *Doe v. Wesleyan Univ.* | No. 3:20-CV-00357, 2022 WL 2867469 (D. Conn. July 8, 2022) |
| *Madej v. Yale Univ.* | No. 3:18-CV-00457, 2020 WL 2004094 (D. Conn. Apr. 27, 2020) |
| *Melvin v. Union Coll.* | 195 A.D.2d 447, 600 N.Y.S.2d 141 (N.Y. App. Div. 1993) |
| *Novak v. Bd. of Trs. of S. Ill. Univ.* | 777 F.3d 966 (7th Cir. 2015) |
| *Regents of Univ. of Mich. v. Ewing* | 474 U.S. 214 (1985) |
| *Royan v. Chicago State Univ.* | 145 F.4th 681 (7th Cir. 2025) |
| *VanHorn v. Hana Grp., Inc.* | 979 F. Supp. 2d 1083 (D. Haw. 2013) |
| *Warner v. Elmira Coll.* | 59 A.D.3d 909 (N.Y. App. Div. 2009) |
| *Williams v. Pace Univ.* | 192 F. Supp. 3d 415 (S.D.N.Y. 2016) |
| *Winter v. Nat. Res. Def. Council, Inc.* | 555 U.S. 7 (2008) |

**Statutes**

| **Statute** | **Citation** |
|---|---|
| 28 C.F.R. § 36.309(b)(1)(i) (2024) | |

**Rules**

| **Rule** | **Citation** |
|---|---|
| Fed. R. Civ. P. 26(b)(1) | |
| Fed. R. Civ. P. 37(e) | |

# I. INTRODUCTION

This case arises from Purdue Global Law School's decision to dismiss Plaintiff Nicole Lawtone-Bowles, a fifty-four-year-old disabled Black woman, after three successive academic dishonesty findings that were predicated on penalizing the output of her approved speech-to-text accommodation. The first two findings were explicitly based on the speed and polish of Plaintiff's written work—direct outputs of her approved Dragon Legal Anywhere software—not on any allegation of artificial intelligence use. The third finding, which triggered automatic expulsion, added Turnitin and artificial-intelligence concerns, but Purdue Global has produced only selective excerpts of that record. Throughout this process, Purdue Global faculty and administrators penalized Plaintiff for using her federally approved accommodation, dismissed her discrimination complaints without investigation, and issued rubber-stamp appeal denials that failed to engage with her documented disability rights. Plaintiff does not seek money damages at this stage; rather, she seeks emergency equitable relief to prevent the irreparable harm of losing her degree path and professional reputation while this action proceeds to final judgment.

# II. LEGAL STANDARD

A plaintiff seeking a preliminary injunction must establish four factors: (1) a likelihood of success on the merits; (2) that she will suffer irreparable harm in the

absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Although courts afford deference to genuine academic judgments, that deference evaporates when a decision is "such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985). The Seventh Circuit has held that universities are not immune from the Nation's antidiscrimination statutes and that courts must balance deference with scrutiny of discrimination claims. *Novak v. Bd. of Trs. of S. Ill. Univ.*, 777 F.3d 966, 976 (7th Cir. 2015); *Royan v. Chicago State Univ.*, 145 F.4th 681, 684 (7th Cir. 2025). The purpose of a preliminary injunction is to preserve the status quo, and in the academic context, courts recognize that the loss of a specific educational opportunity and the stigma of disciplinary findings constitute irreparable harm for which monetary compensation is inadequate. *Melvin v. Union Coll.*, 195 A.D.2d 447, 448, 600 N.Y.S.2d 141 (N.Y. App. Div. 1993).

### III. ARGUMENT

A. Likelihood of Success on the Merits

Plaintiff has demonstrated a substantial likelihood of success on her claims under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act,

4

Title VI of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. The FERPA record contains smoking-gun admissions from every major decision-maker. Professor Victoria Vidt, who initiated the first breach, conceded in a June 4, 2025 email to the Provost: "None of my issues with the student's work involve the use of the Dragon software, now that the student assures me that it does not access the internet or help her to complete citations while she is composing an essay." *FERPA Record, Doc. 31-1, p. 7 of 118.* Having explicitly admitted the approved accommodation was not the problem, Vidt then penalized Plaintiff for the direct outputs of that accommodation, finding "it is not credible to say that a person can read, strategize, and compose a response to a law school essay of this length (5,298 characters) in eight minutes without assistance beyond the technology authorized in the accommodation." *Id.* at 26. This violates 28 C.F.R. § 36.309(b)(1)(i), which requires that examinations be administered so as to best ensure results reflect aptitude, not impaired manual skills.

Vidt further applied a racialized credibility standard, stating: "I'm telling you that in my experience people don't know citations off the top of their head, they look them up. I can't tell you a citation for any case off the top of my head, even cases where I was the attorney of record." *Doc. 31-1, p. 23 of 118.* This statement reflects implicit bias by assuming that because she, a white professor, could not recall citations, a Black disabled student certainly could not. This differential

credibility assessment supports an inference of intentional discrimination under *Williams v. Pace Univ.*, 192 F. Supp. 3d 415, 428 (S.D.N.Y. 2016). Professor Brian Victor then initiated the second breach based on the identical characteristic Vidt had penalized: speed. *Doc. 31-1, p. 15 of 118* ("Her answers to the essay quizzes showed a high level of answering without any mistakes. Additionally, it only took her 28 minutes to complete the module four essay quiz..."). Victor admitted that Associate Dean Shaun Jamison instructed him to make the report, demonstrating institutional coordination to convert faculty bias into formal action without any independent review of Plaintiff's accommodations. *Id.* at 17.

The Academic Appeals Committee ratified this discrimination by applying a stereotyped credibility standard. Its decision states: "Having reviewed the student's answers, it is unlikely that a student could have written so much, so quickly, without spelling or grammar mistakes, without unauthorized tools or assistance. Even if we were to credit the student's explanation as to the writing speed, the chances that a student would know the relevant case numbers, much less the case reporter citations, independently strain credulity." *Doc. 31-1, p. 13 of 118.* The Committee simply refused to believe that a disabled Black woman could know legal citations from memory, a finding that reflects precisely the "uninformed stereotypes" federal law prohibits. *Royan*, 145 F.4th at 684. Provost Carolyn Nordstrom then issued a one-sentence rubber-stamp denial: "After careful

6

consideration of all the information provided, I am upholding the decision to deny your appeal. While I understand this was not the outcome you sought, I found no compelling evidence to contradict the Appeals Committee." *Doc. 31-1, p. 14 of 118.* This is not genuine professional judgment entitled to deference; it is arbitrary and capricious action. *Warner v. Elmira Coll.,* 59 A.D.3d 909, 910 (N.Y. App. Div. 2009).

Finally, the record shows institutional knowledge and deliberate indifference. Provost official JoAnna Navarro carbon-copied Student Accessibility Services on the first breach outcome email, proving the disability office knew an approved accommodation was being penalized and failed to act. *Doc. 31-1, p. 13 of 118 (email header).* Under *Abdullah v. Rowan Univ.,* No. 23-12557, 2024 WL 4657869, at *7 (D.N.J. Nov. 12, 2024), this constitutes deliberate indifference. The record is also incomplete, as the pages for the third breach involving Sarah Diab and Dean Martin Pritikin comments have not been produced. *Doc. 31, pp. 7, 14 of 16.* The absence of this key evidence further supports preliminary relief and an order to compel production.

B. Irreparable Harm

Plaintiff faces irreparable harm that money cannot remedy. She is fifty-four years old and has a specific, time-sensitive degree path culminating in an August 25, 2026 graduation date and a February 2027 bar examination sitting. The

7

permanent notation of three academic dishonesty findings on her record—including allegations of artificial intelligence use referenced for the third breach—will follow her in bar character-and-fitness reviews, employment background checks, and professional licensing applications. *Doc. 31, p. 7 of 16 (Exhibit Index, P-029)*. This stigma cannot be erased by monetary damages. *Melvin*, 195 A.D.2d at 448. The loss of her specific course credits, clinical placements through the California PTLS program, and bar-preparation timeline cannot be recaptured. This harm is permanent, personal, and not merely financial.

C. Balance of Equities

The balance of equities tips sharply in Plaintiff's favor. On one side is a disabled student who faces permanent professional stigma and the loss of her degree path. On the other is a large institution that will suffer no conceivable harm from allowing her to complete her coursework and examinations under published standards. Purdue Global has made no showing that Plaintiff's continued enrollment would cause any harm to campus safety or operations. As the court held in *Melvin*, where the respondent "has not shown that it will suffer any harm as a result of the appellant continuing her studies during the pendency of this matter... a preliminary injunction should have been granted." 195 A.D.2d at 448. Granting reinstatement maintains the status quo that existed before the wrongful dismissal; denying it permits irreversible harm to accumulate daily.

8

D. Public Interest

The public interest favors enforcing federal antidiscrimination laws and ensuring that students with approved accommodations are not arbitrarily dismissed for using those accommodations. When institutions are permitted to penalize disabled students for the output of their accommodations, the protections of the ADA and Section 504 become meaningless. *Novak*, 777 F.3d at 976. This Court has recognized that when genuine factual disputes exist regarding the fairness of a university's investigation, the plaintiff is entitled to proceed. *Doe v. Purdue Univ.*, No. 4:18-CV-00089-JEM, 2022 WL 175405, at *5 (N.D. Ind. Jan. 18, 2022). Preliminary relief here serves the public interest by preventing a discriminatory exclusion from becoming permanent before the Court can reach the merits.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that this Court enter a preliminary injunction directing Defendants to provide the following equitable relief. This request does not seek monetary damages, as such relief is legally unavailable at a preliminary injunction hearing and is reserved for trial. *Madej v. Yale Univ.*, No. 3:18-CV-00457, 2020 WL 2004094, at *5 (D. Conn. Apr. 27, 2020). Plaintiff requests that the Court order Defendants to: (1) immediately reinstate Plaintiff to the Week 13 April 5, 2026 Date of Spring 2026 and Summer 2026 terms; (2) authorize her to complete all remaining coursework and final examinations; (3)

9

expunge or seal the academic dishonesty findings and dismissal notation pending final judgment; (4) enjoin Defendants from reporting these findings to any bar admission authority; and (5) produce the missing evidence from the administrative record.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss and enter a preliminary injunction granting the equitable relief requested. The record contains devastating smoking-gun evidence that Purdue Global faculty and administrators penalized Plaintiff's approved accommodation, applied racialized credibility standards, dismissed her bias complaints without investigation, and administered a rubber-stamp appeals process. Plaintiff has established a substantial likelihood of success on the merits, irreparable harm that money cannot remedy, and that the balance of equities and public interest favor immediate reinstatement. The Court should grant the proposed order to preserve the status quo and prevent the permanent destruction of Plaintiff's legal career while this case proceeds to final judgment.

Respectfully submitted,
/s/ Nicole Lawtone-Bowles
Nicole Lawtone-Bowles, Pro Se Plaintiff
56 Center Street
Highland Falls, New York 10928
NicoleLawtone@aol.com
(347) 538-5386

10

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nicole Lawtone-Bowles<br>　　　　　Plaintiff,<br>　　v.<br><br>Purdue Global Law School,<br>Purdue University Global,<br>Sarah Diab, Shaun Jamison,<br>Brian Victor, & Victoria Vidt<br>　　　　　　Defendants | Case No.: 4:26-cv-00028-PPS-AZ<br>Judge: Hon. Philip P. Simon<br>Magistrate Judge: Hon. Abizer<br>Zanzi<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served on Defendants' counsel of record via CM/ECF on date received by the court:

John R. Maley, Esq.
Amanda Jane Gallagher, Esq.
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204

Respectfully submitted,
/s/ Nicole Lawtone-Bowles
Nicole Lawtone-Bowles, Pro Se Plaintiff
56 Center Street
Highland Falls, New York 10928
NicoleLawtone@aol.com
(347) 538-5386

11

