# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nicole Lawtone-Bowles <br>     Plaintiff, <br><br>     v. <br><br> Purdue Global Law School, <br> Purdue University Global, <br> Sarah Diab, Shaun Jamison, <br> Brian Victor, & Victoria Vidt <br><br>     Defendants | Case No.: 4:26-cv-00028-PPS-AZ <br> Judge: Hon. Philip P. Simon <br> Magistrate Judge: Hon. Abizer Zanzi <br><br> PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |

FILED

JUL 0 6 2026

At _____
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**TO THE HONORABLE PHILIP P. SIMON, UNITED STATES DISTRICT JUDGE:**

Plaintiff Nicole Lawtone-Bowles, proceeding pro se, respectfully submits this Sur-Reply in Opposition to Defendants' Motion to Dismiss. Defendants' Reply (Doc. 52) is legally and factually untenable for three reasons. First, it rests entirely on a pretext/animus legal framework that the Supreme Court abolished for educational disability claims in A.J.T. v. Osseo Area Schs., 605 U.S. ____ (2025). Second, it manufactures a false distinction between Plaintiff's approved accommodation and the alleged "misconduct," when the record proves the misconduct findings were based entirely on the accommodation's documented effects. Third, it demands deference to an academic judgment that Defendants' own records reveal was contradictory, arbitrary, and devoid of professional honesty. For these reasons, the motion to dismiss must be denied.

## I. DEFENDANTS' ENTIRE REPLY IS LEGALLY OBSOLETE UNDER A.J.T. V. OSSEO

Defendants' central argument—that Plaintiff fails to plead a "phony reason" masking discrimination under the framework of Royan and Novak—is legally obsolete. Doc. 52 at 2. On June 12, 2025, ten months before Defendants filed their opposition, the Supreme Court in A.J.T. v. Osseo Area Schs. abrogated the heightened "bad faith or gross misjudgment" standard for ADA and Rehabilitation Act claims in the educational context. 605 U.S. ___, *8 (2025). The Court held that such claims are "subject to the same standards that apply in other disability discrimination contexts" and do not require a plaintiff to prove discriminatory intent to obtain injunctive relief. Id. at *7. Defendants' failure to cite, let alone apply, this controlling precedent renders their entire reply invalid. The proper legal standard for injunctive relief requires only a showing that Defendants excluded Plaintiff from its program "by reason of" her disability—a causal link, not animus. Id. at *8 (Sotomayor, J., concurring); 42 U.S.C. § 12132.

## II. THE "MISCONDUCT" IS INSEPARABLE FROM THE APPROVED ACCOMMODATION

Defendants attempt to bifurcate their actions into two "separate decisions": approving Plaintiff's use of speech-to-text technology and later finding academic misconduct. Doc. 52 at 1. This is a distinction without a difference. The record is

clear that every academic integrity charge was predicated on the direct, documented outputs of the approved accommodation itself: speed, volume, polished syntax, and structured prose. Defendants' own Provost admitted that Plaintiff's use of speech-to-text was "permitted... and not restricted at any time." Doc. 8a at 4, ¶ 42. Yet every breach complaint targeted those exact characteristics. Under federal regulations, a public entity may not use facially neutral "criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination." 28 C.F.R. § 35.130(b)(7). Defendants cannot accommodate speed with one hand and simultaneously treat that same speed as academic dishonesty with the other; the alleged misconduct is inseparable from the accommodation.

## III. DEFENDANTS' "HONEST ACADEMIC JUDGMENT" DEFENSE IS REBUTTED BY THEIR OWN RECORDS

Defendants' demand for deference to their "honest academic judgment" collapses under the weight of their own evidence. Under Regents of Univ. of Michigan v. Ewing, deference is afforded only when faculty "actually exercise professional judgment." 474 U.S. 214, 225 (1985). The record proves the opposite occurred here. Professor Victoria Vidt initiated the first breach based on the speed and citation volume of Plaintiff's work, yet admitted in writing: "None of my issues with the student's work involve the use of the Dragon software." Doc. 31-1 at 7. This is not professional judgment; it is a direct contradiction. A determination

based on such a flawed premise is, by definition, arbitrary and capricious and must be annulled because it was "taken without sound basis in reason or regard to the facts." Matter of Newby v. Adelphi Univ., 2026 NY Slip Op 26021, at *3 (Sup. Ct. Nassau Cty. Jan. 28, 2026).

Furthermore, Defendants' shifting rationales for each breach demonstrate pretext under Royan v. Chicago State Univ., 145 F.4th 681, 691 (7th Cir. 2025). The first breach relied on "implausible production speed." Doc. 8a at 2. When that was challenged, the second breach relied on a subjective "disconnect between submitted work and in-person performance." Doc. 8a at 16. When that failed, the third breach pivoted to an unsubstantiated claim of "fabrication or hallucination associated with generative AI," despite Defendants' own investigator admitting no AI detection evidence was ever produced. Doc. 8a at 12, 36. This moving target is classic evidence of a "phony reason" masking discrimination. Royan, 145 F.4th at 691. Defendants' reliance on Anderson v. Univ. of Wisconsin, 841 F.2d 737 (7th Cir. 1988), is inapposite, as Anderson concerned a substantive due process challenge to academic grades, not a disparate impact ADA claim where the alleged misconduct is the direct result of an approved accommodation.

## IV. PLAINTIFF HAS SUFFICIENTLY PLED HER RACE DISCRIMINATION CLAIMS

Finally, Defendants incorrectly argue that Plaintiff failed to plead her Title VI and § 1981 claims because she did not allege intentional race discrimination.

4

Doc. 52 at 5. This misstates the law. Like Title II of the ADA, Title VI prohibits facially neutral policies that have a discriminatory effect, and a heightened intent showing is not required to obtain injunctive relief. The Discrimination Investigation Summary—authored by Defendants—explicitly admits the all-white composition of the instructors and Associate Dean who disciplined Plaintiff, a Black woman. Doc. 8a at 11-12. This admission of racial disparity, combined with the arbitrary and shifting justifications for dismissal, sufficiently pleads a claim of race discrimination at the motion-to-dismiss stage.

## CONCLUSION

For the foregoing reasons, Plaintiff has stated plausible claims for relief under the ADA, the Rehabilitation Act, Title VI, and § 1981. Defendants' motion to dismiss rests on an obsolete legal standard and a fabricated distinction between accommodation and misconduct that their own records contradict. Plaintiff respectfully requests that the motion be denied and that these factual disputes be resolved at the evidentiary preliminary injunction hearing scheduled for July 10, 2026.

Dated: June 30, 2026

Respectfully submitted,
/s/ Nicole Lawtone-Bowles
Nicole Lawtone-Bowles, Pro Se Plaintiff
56 Center Street
Highland Falls, New York 10928
NicoleLawtone@aol.com
(347) 538-5386

5