UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| NICOLE LAWTONE-BOWLES, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | No. 4:26-cv-00028-PPS-AZ |
| | ) | |
| PURDUE UNIVERSITY GLOBAL, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
RENEWED MOTION FOR PRELIMINARY INJUNCTION**

Defendants Purdue University Global, *et al.* ("Purdue Global"), respectfully submit this Response in Opposition to Plaintiff's Memorandum of Law in Support of Plaintiff's Renewed Motion for Preliminary Injunction and in Opposition to Defendants' Motion to Dismiss. Dkt 48. Plaintiff's latest memorandum repackages the same theories already briefed and relies on a nonbinding New York trial court opinion that is easily distinguishable to the facts here. Purdue Global did not rely solely on AI-detection software, did not ignore Plaintiff's explanations, and did not deny her a meaningful opportunity to be heard. Purdue Global conducted three investigations, provided multiple hearings, and dismissed Plaintiff from its program only after establishing repeated academic misconduct. Plaintiff's memorandum also references Title VI and racial discrimination, but Plaintiff has never pleaded a Title VI claim, and no factual allegations in her Complaint or submissions support an inference of racial discrimination. Consequently, her Motion should be denied.

**ARGUMENT**

**I.    Purdue Global's Academic Decision was Rational and Non-Discriminatory.**

Plaintiff's filing relies on *Matter of Newby v. Adelphi Univ.*, No. 615397/25, 2026 N.Y. Slip Op. 26021 (Sup. Ct. Nassau Cty. Jan. 28, 2026). This trial-level opinion was decided under CPLR Article 78, applying New York's "arbitrary and capricious" standard for state administrative review. *Id.* at *1-

1

2. That standard is inapplicable to the present action in the Northern District of Indiana. The applicable standard is whether Purdue Global honestly exercised its professional judgment.

The Seventh Circuit has consistently held that courts owe substantial deference to academic judgments. *Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 90 (1978); *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 225 (1985); *Novak v. Bd. of Trs. of S. Illinois Univ.*, 777 F.3d 966, 976–77 (7th Cir. 2015); *Royan v. Chicago State Univ.*, 145 F.4th 681, 691–92 (7th Cir. 2025). Under these authorities, courts may not override academic decisions "unless it is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." *Ewing*, 474 U.S. at 225. A plaintiff must plead facts supporting a plausible inference that the university's stated academic reason was dishonest—a "phony reason" masking discrimination—not merely wrong. *Royan*, 145 F.4th at 691–92; *Novak*, 777 F.3d at 976–77.

*Newby* is not binding on any court outside of Nassau County, New York, and it carries no persuasive weight where different standards apply. Plaintiff's attempt to import New York's "arbitrary and capricious" standard into this litigation should be rejected. Even if *Newby* were relevant authority, it is readily distinguishable. In *Newby,* the university relied exclusively on a single Turnitin AI-detection score in making its decision and ignored countervailing evidence of two other AI detectors that returned no AI-detection scores. *Id.* at *4.

Here, Purdue Global did not rely solely, or even primarily, on AI-detection software. The findings rested on other evidence: fabricated citations, implausible completion times, and Plaintiff's inability to demonstrate the same knowledge when questioned. Declaration of Carolyn Nordstrom, Dkt. 8-1 at ¶¶ 9-10, 18, 20, 29, 34. Purdue Global considered Plaintiff's written explanations, her arguments at the hearings, and allowed her to submit evidence. *Id.* at ¶¶ 12-13, 16, 21-22, 27, 31-33, 38-39, 44. The Academic Appeals Committee simply did not find her explanations credible in light of all the other evidence. *Id.* at ¶¶ 41-43. For example, in her Criminal Procedure course, Plaintiff

submitted a 5,300-word essay with legal citations in approximately eight minutes during a closed-book examination. *Id.* at ¶ 9. In her Community Property course, Plaintiff completed all coursework—including timed essay examinations—in about six days. *Id.* at ¶¶ 18-19. Her submissions contained fabricated legal citations, either to citations that did not exist or cases unrelated to the propositions for which they were offered. *Id.* at ¶ 34. Plaintiff's own submissions to the Committee contained fabricated sources. Dkt. 8-1 at p. 15.

This is not a case where a university failed to establish a rational basis for rejecting contradictory evidence, as in *Newby*. Purdue Global considered all of Plaintiff's explanations and found them insufficient in light of the substantial independent evidence of misconduct. These proceedings and Purdue Global's consideration of the evidence meet the standard set forth in Seventh Circuit precedent and afford Purdue Global substantial deference in its decision.

## II.     These Same Facts Defeat Plaintiff's ADA and Section 504 Claims.

In any event, there is no dispute that Purdue Global approved and permitted Plaintiff's use of speech-to-text technology throughout her enrollment. Dkt 8-1, Nordstrom Decl. at ¶ 42. That accommodation was never restricted or revoked. *Id.* The findings of academic misconduct were not based on Plaintiff's use of this assistive technology. *Id.* at ¶ 45. They were based on content, timing, citation fabrication, and credibility—none of which can be explained by speech-to-text software. *Id.* at ¶¶ 43-45. Fabricated citations, inability to demonstrate knowledge during oral examination, and implausible completion times are not the product of dictation technology. *Id.* at ¶ 44.

The Seventh Circuit has recognized that a university's repeated accommodation of a student's disability weighs strongly against an inference that a later academic dismissal was motivated by disability discrimination. *Royan*, 145 F.4th at 692. Moreover, disability discrimination laws do not "exempt students from meeting legitimate academic standards" or "require institutions that reasonably accommodate a student's disabilities to lower these standards." *Id.* at 684; *Khan v. Midwestern Univ.*,

879 F.3d 838, 844–45 (7th Cir. 2018). Plaintiff's theory remains unchanged from her prior filings: she contends that because she has a disability and uses approved assistive technology, any academic integrity finding against her necessarily constitutes discrimination. That is not the law.

**III.    Plaintiff Has Not Pleaded a Title VI Claim and No Evidence Supports Racial Discrimination.**

Plaintiff's Memorandum references Title VI and race discrimination, but even construing Plaintiff's filings liberally, her Complaint contains no factual allegations sufficient to state such a claim. Plaintiff does not allege intentional race discrimination. She does not identify any similarly situated person outside her protected class who was treated more favorably. She pleads no facts from which a factfinder could draw a reasonable inference of disparate treatment. Allegations that a university enforced its academic integrity policies against a student who is a member of a protected class do not, without more, state a claim for race discrimination.

**CONCLUSION**

For each and all of the foregoing reasons, Purdue Global respectfully moves the Court to dismiss Plaintiff's Renewed Motion for Preliminary Injunction and award Purdue Global all other just and proper relief.

Respectfully submitted,

*/s/ Amanda Jane Gallagher*
John R. Maley (#14300-89)
Amanda Jane Gallagher (#32662-79)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
Telephone:      317-236-1313
Facsimile:      317-231-7433
Email:          jmaley@btlaw.com
                amanda.gallagher@btlaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July, 2026, a true and correct copy of the foregoing was served by electronic mail on all parties.

_/s/ Amanda Jane Gallagher_
Amanda Jane Gallagher

DMS 53590722.1

5