## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Nicole Lawtone-Bowles<br><br>           **Plaintiff,**<br><br>    v.<br><br>**Purdue Global Law School,**<br>**Purdue University Global,**<br>**Sarah Diab, Shaun Jamison,**<br>**Brian Victor, & Victoria Vidt**<br>               **Defendants** | **Case No.: 4:26-cv-00028-PPS-AZ**<br>**Judge: Hon. Philip P. Simon**<br>**Magistrate Judge: Hon. Abizer Zanzi**<br><br>**PLAINTIFF NICOLE**<br>**LAWTONE-BOWLES'S**<br>**RULE 26(a)(1)**<br>**INITIAL DISCLOSURES** |



FILED
JUL 0 8 2026
At _____
Chanda J. Berta, Clerk
U.S. DISTRICT COURT — M
NORTHERN DISTRICT OF INDIANA

## PLAINTIFF NICOLE LAWTONE-BOWLES'S
## RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Northern District of Indiana Local Rule 26-2, Plaintiff Nicole Lawtone-Bowles, proceeding pro se, hereby makes her initial disclosures as follows:

## I. PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION (Rule 26(a)(1)(A))

The following individuals are likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings, along with the subjects of that information:

1. Nicole Lawtone-Bowles, Plaintiff, 56 Center Street, Highland Falls, New York 10928, (347) 538-5386. Subject matter includes her race & disabilities (Obsessive Compulsive Disorder, Post-Traumatic Stress Disorder), her use of Dragon NaturallySpeaking and Dragon Legal Anywhere assistive technology since January 2019, her academic work product and study methods, communications with all Defendants, her employment history and financial circumstances, and all alleged damages, including emotional distress.

2. Victoria Vidt, Instructor, Purdue Global Law School (formerly Concord Law School), address and telephone number to be obtained through discovery. Subject matter includes the first academic dishonesty breach (May 2025) in

1

Criminal Procedure (CL 685-01), her observations regarding Plaintiff's assignment completion speed and use of citations, her reliance on Respondus logs, her assessment of Plaintiff's explanations as "not credible," and her communications with Plaintiff regarding Dragon assistive technology.

3. Brian Victor, Instructor, Purdue Global Law School (formerly Concord Law School), address and telephone number to be obtained through discovery. Subject matter includes the second academic dishonesty breach (January 2026) in Community Property (CL760), his concerns regarding the rapid completion of Plaintiff's coursework, his communications with Plaintiff regarding academic pacing, and his decision to file the formal report with the Provost.

4. Shaun Jamison, Associate Dean of Academics, Purdue Global Law School (formerly Concord Law School), address and telephone number to be obtained through discovery. Subject matter includes the investigation of the third academic dishonesty breach (March 2026) in Education Law (CL850), his use and interpretation of Turnitin and AI-detection software, his inquiry letters to Plaintiff regarding AI policy, his review of Plaintiff's submissions, and his communications with Plaintiff regarding the investigative process.

5. Sarah Diab, Instructor, Purdue Global Law School (formerly Concord Law School), address and telephone number to be obtained through discovery. Subject matter includes the third academic dishonesty breach in Education Law (CL850) and her communications with Plaintiff regarding missing grades, rescheduling, and Plaintiff's concerns about "AI policing" and biased detectors.

6. JoAnna Navarro, Office of the Provost, Purdue Global Law School (formerly Concord Law School), address and telephone number to be obtained through discovery. Subject matter includes her role in administering and communicating all three academic dishonesty breach notices, coordinating the appeals process, and managing the internal Salesforce case files (C-6040271, C-6449123, C-6523986).

7. Carolyn Nordstrom, Provost, Purdue Global Law School (formerly Concord Law School), address and telephone number to be obtained through discovery. Subject matter includes her role in reviewing and issuing the final appeal decisions that upheld all three academic dishonesty breaches and Plaintiff's ultimate dismissal from the university.

8. Martin Pritikin, Dean and Vice President, Purdue Global Law School, address and telephone number to be obtained through discovery. Subject matter includes his communications with Plaintiff regarding allegations of racial bias and his requests that Plaintiff provide drafts of her work.

9. Jennifer Fishman, Senior Student Operations Manager, Purdue Global Law School, address and telephone number to be obtained through discovery. Subject matter includes her communications with Plaintiff has knowledge of the allegations regarding the university's pacing policies, informal student workflow expectations, and the institutional response to the academic integrity complaints initiated by Defendant Victoria Vidt. Specifically, Ms. Fishman issued a written communication to the Plaintiff stating verbatim that, *"Nuance Dragon Legal Anywhere is a cloud-based speech recognition service designed specifically for attorneys and legal professionals. You're not a professional; you're a law student and should not be using it."* This direct admission is highly discoverable, as it establishes affirmative institutional animus, a willful ignorance of the Plaintiff's approved Section 504/ADA speech-to-text assistive technology accommodations, and a corporate policy of penalizing a disabled student for utilizing advanced technical tools appropriate for the mastery of legal drafting.

10. Toni Pesce / Student Accessibility Services (SAS), Purdue Global Law School (formerly Concord Law School), address and telephone number to be obtained through discovery. Subject matter includes the approval of Plaintiff's disability accommodations, communications regarding the scope of those accommodations (including that "working ahead" is not a formal accommodation), and her confirmation on March 5, 2026, that Plaintiff's accommodations were active.

11. Purdue Global IT/Tech Support Department, Purdue Global Law School (formerly Concord Law School), address and telephone number to be obtained through discovery. Subject matter includes the functionality and system-level administration of Turnitin software, the handling of Tech Support Ticket CSR0643359, and the maintenance of system logs and metadata related to Plaintiff's submissions.

12. Howard Anderson, Professor of Law, Steve Bracci, Associate Dean of First Year Programs & Professor of Law, Sheri Dennis, Professor of Law, James Dodge, Professor of Law, and Tamara Fudge, title unknown. She asked questions during every video appeal based on my recollection of subjects covered in all lessons, which no human could do unless they were actively studying the assigned coursework at the present time. Instructors/Staff, Purdue Global Law School (formerly Concord Law School), addresses and telephone numbers to be obtained through discovery. Subject matter includes their roles and potential involvement in the academic dishonesty proceedings and appeals processes as referenced in the Complaint.

Plaintiff reserves the right to supplement this list as additional information becomes available through discovery.

**II. DOCUMENTS AND ESI (Rule 26(a)(1)(B))**
The following categories of documents and electronically stored information (ESI) are in Plaintiff's possession, custody, or control and may be used to support her claims are already been added to the case docket. The majority of these documents have already been produced and filed on the docket as Document 31.

1. Document 31 Exhibits P-001 through P-078: Comprising all 78 exhibits previously filed with the Court on May 20, 2026, including internal Salesforce case records, instructor narratives, Respondus attempt logs, email threads with all Defendants, official breach notices, appeal decisions, committee findings, Turnitin screenshots, Word document metadata/properties, tech support tickets, SAS confirmations, and FERPA requests. These documents are incorporated herein by reference.

4

2. Assistive Technology Records: Purchase records, training materials, and configuration settings for Dragon NaturallySpeaking and Dragon Legal Anywhere software already on file with Purdue Global Law School (formerly Concord Law School).

3. Medical Documentation: Medical and disability documentation supporting all diagnoses, including OCD and PTSD, and the necessity for academic accommodations already on file with Purdue Global Law School (formerly Concord Law School).

4. Word Document Properties: Native files and metadata for all challenged academic submissions, including those from Modules 1, 3, 5, 8, 13, 6, and 10, showing creation dates, modification history, and other file properties already on file with Purdue Global Law School (formerly Concord Law School).

5. Employment and Financial Records: Screenshots of Plaintiff's LinkedIn profile (Exhibit P-076), records documenting unemployment from July 2020 to present, bankruptcy court records (Chapter 13 filed June 17, 2025, dismissed February 17, 2026), and financial aid records, tuition statements, loan documents, and 1098-T forms for the Spring 2026 (2601L) term already on file with Purdue Global Law School (formerly Concord Law School).

6. Government Agency Filings: Copy of the NYC DSS-HRA-DHS Generative AI Tool Prohibition policy (Exhibit P-044) and copies of complaints filed with the U.S. Department of Education Office for Civil Rights (OCR) and Federal Student Aid (FSA) on or about April 8, 2026, already on file with Purdue Global Law School (formerly Concord Law School).

7. Academic and Professional Records: Academic transcripts and certificates for three associate degrees, a bachelor's degree, a master's degree, and prior doctoral coursework; records of paralegal training since 2011; and documentation concerning eligibility for the California and New York bar

examinations already on file with Purdue Global Law School (formerly Concord Law School).

8. Communications: All emails and cell phone records reflecting communications between Plaintiff and Defendants that are not otherwise captured in Document 31 are already on file with Purdue Global Law School (formerly Concord Law School).

## III. COMPUTATION OF DAMAGES (Rule 26(a)(1)(C))

Plaintiff seeks compensatory and punitive damages, as well as equitable relief, arising from Defendants' discriminatory and arbitrary actions. A preliminary computation of damages includes the following categories:

1. **Economic Damages:**
   - **Tuition and Fees:** Full tuition and associated fees for all terms since January 2024 to present. Per the Provost's letter of April 7, 2026, no refund was issued despite dismissal, as Plaintiff's 79% attendance resulted in 100% of Title IV funds being deemed earned. The exact amount will be supplemented.

   - **Federal Student Loan Funds and Public Service Loan Forgiveness (PSLF) Credits:** Plaintiff contends that Defendants obtained federal Title IV student loan funds and tuition payments through misrepresentations regarding the provision of accommodations and through discriminatory academic practices that ultimately resulted in her wrongful dismissal. As a result of Defendants' actions, Plaintiff has been burdened with non-dischargeable federal student loan debt for educational services that Defendants failed to provide in a non-discriminatory manner. Plaintiff further contends that the dismissal deprived her of credits toward Public Service Loan Forgiveness (PSLF), for which she was eligible and had made qualifying payments as a public service worker. The economic harm includes: (a) the value of federal student loan funds disbursed to Defendants for all terms during which discriminatory practices occurred; (b) loss of progress toward PSLF forgiveness, including the

6

value of qualifying payments made and the anticipated future benefit of loan forgiveness; and (c) the continued economic burden of repayment of federal student loans for a degree that Defendants wrongfully denied her. Supporting documentation includes Federal Student Aid loan records, PSLF employment certification forms, tuition statements, and records of loan disbursements to Defendants. The precise computation of these damages is underway and will be supplemented at a later date, with the court's permission.

- **Lost Degree and Delayed Bar Examination:** Damages resulting from the failure to confer Plaintiff's Juris Doctor degree on August 25, 2026, and the resulting inability to sit for the February 2027 bar examination. Purdue Global Law School (formerly Concord Law School) Juris Doctor graduates are eligible to sit for the California, Connecticut, or, with an approved petition, Indiana bar exams. Upon receipt of a California, Connecticut, or Indiana law license, graduates may also apply to sit for the state bar in North Carolina and Wisconsin.

- **Lost Earning Capacity:** Damages calculated based on the salary differential between a trained paralegal (unemployed for 5 years, 10 months, and 9 days) and a licensed attorney, for the period of delayed or denied entry into the legal profession.

2. **Non-Economic Damages:**
   - **Emotional Distress:** Damages for severe emotional distress, anxiety, and the exacerbation of pre-existing PTSD and OCD symptoms resulting from the wrongful dismissal, the academic integrity investigations, and the alleged discrimination.
   - **Reputational Harm:** Damages for harm to Plaintiff's academic and professional reputation resulting from the findings of academic dishonesty.

7

3. **Other Damages and Relief:**
- **Costs of Litigation:** All recoverable costs, including filing fees, travel expenses, copying, and mailing costs.
- **Equitable Relief:** Plaintiff seeks an injunction ordering her immediate reinstatement, expungement of the academic dishonesty findings from her record, and conferral of her Juris Doctor degree.
- **Purdue Global Law School (formerly Concord Law School) awards 4 credits each for CL894: Moot Court – Honors Program Track A and CL895: Moot Court – Honors Program Track B.** I want 8 credits for both because I am not participating in Moot Court. I am in a real court, and this is a real-life learning experience toward the type of law I want to practice to help disabled and homeless students obtain their educational goals without discrimination.

Plaintiff is in the process of calculating the precise monetary value for each category of damages and will supplement this disclosure pursuant to Rule 26(e) as this information becomes available.

## IV. INSURANCE AGREEMENTS (Rule 26(a)(1)(D))

Plaintiff is not aware of any insurance agreements that may cover any judgment or portion thereof in this action.

## V. PREVIOUSLY FILED EXHIBITS

As stated in Section II, the bulk of Plaintiff's documentary evidence has already been filed with the Court as Document 31 (filed May 20, 2026). This filing contains 78 distinct exhibits, labeled P-001 through P-078, which are incorporated into these initial disclosures by reference. These exhibits include all internal Salesforce case records, instructor narratives, student attempt logs, email threads, official breach notices, appeal decisions, committee findings, partial Turnitin reports, Word metadata, and other communications central to this case.

8

## VI. ESI DISCLOSURE

Pursuant to the Court's Preservation Order of April 10, 2026, and the Scheduling Order of July 2, 2026 (Document 54), Plaintiff confirms that she has preserved all relevant electronic evidence in her possession, custody, or control, including emails, screenshots, system logs, and native document files. Plaintiff has produced a significant portion of this ESI via the Court's CM/ECF system as Document 31. Plaintiff requests that Defendants confirm in writing their preservation of all Turnitin reports, AI detection outputs, Instructor View screens, Learning Management System (LMS) logs, metadata, and internal communications related to this matter.

Due Date: July 24, 2026.

Respectfully submitted,
/s/ Nicole Lawtone-Bowles
Nicole Lawtone-Bowles, Pro Se Plaintiff
56 Center Street
Highland Falls, New York 10928
NicoleLawtone@aol.com
(347) 538-5386

9