# Inner City Press

**MOTION OF INNER CITY PRESS TO INTERVENE FOR THE LIMITED PURPOSE OF OPPOSING DEFENDANTS' MOTION TO MAINTAIN DOCUMENTS UNDER SEAL**

Case No. 4:26-cv-00028-PPS-AZ, N.D. Indiana, Lafayette Division

Inner City Press, a news organization covering federal court proceedings, particularly on A.I., and public access issues, respectfully moves to intervene for the limited purpose of opposing Defendants' Motion to Maintain Documents Under Seal, filed July 15, 2026, and requests that this Motion be docketed.

Defendants seek to seal Exhibits K, L, and M to their Appendix of Evidence — materials the Court itself requested from Plaintiff at the July 10, 2026 preliminary injunction hearing — on the sole ground that the exhibits are protected by FERPA. That ground does not support sealing. FERPA restricts an educational institution's disclosure of student records without consent; it is not a sealing statute, and it expressly permits disclosure "to comply with a judicial order," 20 U.S.C. § 1232g(b)(2)(B); 34 C.F.R. § 99.31(a)(9) — precisely the circumstance here, where the presiding judge requested the very documents Defendants now seek to seal.

Moreover, the records at issue are Plaintiff's own academic conduct records, submitted by Plaintiff herself, concerning academic integrity findings that are apparently central to her claims in this litigation. A plaintiff who sues over the handling of specific disciplinary findings substantially diminishes any privacy interest in the records of that very conduct; she has put them at issue. FERPA's institutional privacy concern is markedly weaker where the party whose records are at stake is the plaintiff litigating over those same records.

Under the Seventh Circuit's access standards, sealing requires more than an institutional privacy label; it requires a showing, specific to the material, that the interest in confidentiality outweighs the strong presumption of public access that attaches to evidence bearing on a preliminary injunction determination. Defendants' motion offers only a conclusory assertion that "[l]ess restrictive alternatives will not afford adequate protection" because redaction "would require redaction of each of the entire documents" — an assertion of inconvenience, not a particularized showing of harm, and not an effort at the narrow tailoring the law requires.

Inner City Press: E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Box 130222, Chinatown Station, New York, NY 10013

Numerous Federal judges docket and act on Press requests such as this, routinely in SDNY (leading to the 2d Circuit, Lee v. Greenwood, 145 F.4th 248, No. 23-7432-cr, 2025 WL 2101302, https://www.courtlistener.com/docket/69090920/lee-v-greenwood/ and see, most recently (May 22, 2026), UMG Recordings, Inc. v. Suno, Inc. (1:24-cv-11611) District of Massachusetts (F. Dennis Saylor IV, J), " A member of the press has submitted a letter opposing the motion to impound. (Dkt. No. [233]), https://www.courtlistener.com/docket/68878608/233/umg-recordings-inc-v-suno-inc/ and Colorado (hearing on "non-party Inner City Press's responses in opposition to restriction) https://www.courtlistener.com/docket/69318033/77/jones-v-united-airlines-inc/ and Maryland (June 12, 2026) https://www.courtlistener.com/docket/72457825/22/united-states-v-rappaport/ and also in EDNY (see, e.g. https://www.courtlistener.com/docket/67935173/57/united-states-v-karony/) and 2026 https://www.courtlistener.com/docket/73591106/1/in-re-inner-city-press/ and DDC (see, e.g. https://www.courtlistener.com/docket/50260045/117/united-states-v-reffitt/ and https://storage.courtlistener.com/recap/gov.uscourts.dcd.235480/gov.uscourts.dcd.235480.19.0.pdf ("Let this be filed")

Let *this* be filed.

Inner City Press respectfully requests that the Court: (1) docket this Motion; (2) deny Defendants' Motion to Maintain Documents Under Seal, or in the alternative, direct Defendants to file public versions of Exhibits K, L, and M with only such redactions as are specifically justified, consistent with FERPA's judicial-order exception and this Circuit's access standards; and (3) permit Inner City Press to be heard, by letter or otherwise, before any continued sealing is ordered.

Matthew Russell Lee
Inner City Press
PO Box 130222
Chinatown Station
New York City, NY 10013
matthew.lee@innercitypress.com
718-716-3540

June 2, 2026, The Playground (UK), "Suno Fights Music Labels to Keep AI Training Track Count Secret," "This dispute has drawn intervention from Inner City Press (ICP), which is urging the court to deny Suno's request to keep legal documents containing the training tally confidential. Matthew Lee from ICP argues that the information is of significant public interest, especially for music professionals who want to understand how their recordings are utilised," https://theplayground.co.uk/suno-fights-music-labels-to-keep-ai-training-track-count-secret/

April 6, 2026, New York Times, "Suspect in Hacking of Climate Activists Is Extradited to New York," by Karen Zraick, "His extradition to the United States from Britain was reported earlier by Inner City Press," https://www.nytimes.com/2026/04/06/climate/forlit-exxon-dci-hacking-extradition.html