UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| NICOLE LAWTONE-BOWLES, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 4:26-cv-00028-PPS-AZ |
| | ) | |
| PURDUE UNIVERSITY GLOBAL, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
INNER CITY PRESS' MOTION TO INTERVENE**

This case is already far more complicated than its subject matter warrants. At its core, it is a single-issue student-conduct dispute concerning Plaintiff's dismissal from Purdue Global. Yet the case has already generated approximately 82 docket entries and has become increasingly unwieldy as collateral disputes accumulate.

Inner City Press now seeks to expand the case again. It does not seek to litigate the merits of Plaintiff's dismissal or protect an interest implicated by that dispute. Instead, it seeks to transform Purdue Global's limited effort to comply with FERPA into a separate controversy over public access to Plaintiff's academic submissions. Purdue Global filed those records under seal at the Court's request solely to protect Plaintiff's confidential educational information. It claims no institutional privacy interest and does not object to public disclosure if Plaintiff consents.

That collateral disagreement is not a basis for intervention. Inner City Press identifies no legally protectable interest, asserts no claim or defense, and offers no reason why its participation would assist in resolving the underlying student-conduct dispute. Its motion would only add briefing, expense, and delay to a case that is already straining beyond its narrow scope. Rule 24 provides no basis to make this case larger, and the Court should decline to expand it further.

1

## LEGAL STANDARD

A party seeking to intervene may do so either as a matter of right under Federal Rule of Civil Procedure 24(a) or permissively under Rule 24(b). Intervention as a matter of right requires (1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest in the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties in the action. *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019). The lack of even one element requires the motion to be denied. *Id.* A party without standing cannot intervene as a matter of right. *Id.* at 798. Permissive intervention is entirely discretionary with the court. *Id.* In permitting intervention, "the Court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Aztec Engineering Group, Inc. v. Liberty Mutual Insurance Company*, 318 F.R.D. 362, 369 (S.D. Ind. 2017).

## ARGUMENT

As Plaintiff aptly observes, Inner City Press is "a non-party media organization with no direct stake in the outcome of this litigation," Dkt. 80 at 3. As such, it cannot satisfy the requirements for intervention either as of right or by permission. Intervention as of right is unavailable because Inner City Press identifies no direct, significant, and legally protectable interest in this litigation and failed to submit the pleading required by Rule 24(c). Permissive intervention is likewise unavailable because Inner City Press asserts no claim or defense, and its participation would transform Purdue Global's narrow effort to comply with FERPA into a collateral public-access dispute that would prejudice the parties and expand the litigation.

### I.   Inner City Press Lacks a Legally Protectable Interest Supporting Intervention as of Right

Inner City Press's request to intervene as of right fails at the threshold because it has not identified, much less established, a direct, significant, and legally protectable interest in this litigation. Intervention as of right requires a would-be intervenor to have a "direct, significant and legally

protectable interest in the subject at issue in the lawsuit." *Bost v. Illinois State Board of Elections*, 75 F.4th 682, 686 (7th Cir. 2023) (quoting *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985)). The burden rests with proposed intervenors to prove each element required for their requested intervention. R*eid L. v. Illinois State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002); *see also iWork Software, LLC v. Corporate Exp., Inc.*, No. 02 C 6355, 2003 WL 22494851, at *1 (N.D. Ill. Nov. 4, 2003) ("However, in either type of intervention [as of right and permissive], the applicant bears the burden of proof of each element required for the type of intervention sought."). In determining if a proposed intervener has met this standard, courts consider whether the interest is unique, meaning that it belongs to the proposed intervenor rather than to an existing party in the suit. *Bost,* 75 F.4th at 686-87. Under Rule 24(c), a motion to intervene must state the grounds for the intervention and be accompanied by a pleading that "sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Failure to comply with this pleading standard entitles a court to deny the motion. *U.S. E.E.O.C. v. Illinois Dept. of Employment Sec.*, 6 F. Supp. 2d 784, 786 n. 2 (N.D. Ill. 1998).

Here, Inner City Press has made no effort to meet this burden in its motion. [1] Rather than identify an interest sufficient to support intervention, it only argues why FERPA does not apply to the documents at issue. This alone is dispositive and requires denial under Rule 24(c). Even if the Court were to read the motion liberally, Inner City Press' interest in the documents as a member of the media is not a direct, significant, or legally protectable interest in the subject matter of Plaintiff's request for preliminary injunction. Any interest in press access, public transparency, or the proper

---

[1] Inner City Press purports to proceed pro se, but an artificial entity, including a corporation, partnership, or association, may appear in federal court only through licensed counsel. *Steward v. Wilson Outdoor Servs., LLC*, 2026 WL 473653, at *1 (S.D. Ill. Feb. 19, 2026) (collecting cases) ("It is well established that legal entities must be represented by counsel in federal proceedings and cannot appear pro se.") The docket reflects that no attorney has entered an appearance on Inner City Press's behalf as required by N.D. Ind. L.R. 83-8(a). Nor, to the extent its apparent counsel is not a member of this Court's bar, has any attorney applied for and obtained leave to appear pro hac vice under N.D. Ind. L.R. 83-5(a)(2)(C). Inner City Press therefore cannot proceed pro se, and its failure to appear through properly admitted counsel provides an additional basis to deny its motion as filed.

application of FERPA is only a generalized interest shared by the public at large, not a particularized stake in the case. Such a generalized concern does not satisfy Rule 24(a)(2)'s interest requirement. *See Keith* 764 F.2d 1265("right to life" lobbying organization had no right to intervene as defendant in lawsuit challenging constitutionality of abortion law); *United States v. 36.96 Acres of Land*, 754 F.2d 855 (7th Cir.1985) (environmental group that had lobbied for laws protecting Indiana Dunes lacked significant, protected interest in condemnation action by United States to acquire one area of the dunes); *Wade v. Goldschmid*t, 673 F.2d 182 (7th Cir.1982) (non-profit group organized to support construction of bridge lacked direct interest in lawsuit alleging that United States and state of Illinois failed to comply with federal statutes in approving construction of bridge). Inner City Press therefore has no basis to intervene as of right.

## II.    Inner City Has No Claim or Defense Supporting Permissive Intervention

Inner City is similarly not entitled to permissive intervention. Under Rule 24(b)(1)(B), an applicant may permissively intervene (1) when the applicant's claim or defense shares a common question of law or fact with the underlying claim; and (2) independent jurisdiction exists. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). Permissive intervention is "wholly discretionary." *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000). In determining whether permissive intervention is appropriate, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Courts may also consider the Rule 24(a) factors in a motion for permissive intervention, but those factors are not determinative. *See Planned Parenthood of Wis.*, 942 F.3d at 804.

Here, Inner City has not presented any claim or defense, much less one sharing a common question of law or fact with the claims and defenses in this action. Its disagreement with Purdue Global's interpretation of Family Educational Rights and Privacy Act ("FERPA") is a legal argument concerning a collateral sealing issue, not a claim or defense in the underlying litigation. And because

4

Inner City has identified no claim or defense that it seeks to litigate, there is no basis for permissive intervention

Intervention would also prejudice the original parties by expanding this case beyond the issues they presented for adjudication. Purdue Global submitted the documents at the Court's request and moved to maintain them under seal solely to comply with FERPA and protect Plaintiff's confidential educational records. 20 U.S.C. § 1232g(a)(4)(A) (defining "educational records" as any material which "contain information directly related to a student" and "are maintained by an educational agency."). As the Court is aware, FERPA protects from disclosure education records containing information directly related to a student and maintained by an educational institution. 20 U.S.C. § 1232g(a)(4)(A). Those records may not be released without the student's written consent unless a specific exception applies. 20 U.S.C. § 1232g(b)(1). Plaintiff's written coursework falls squarely within that protection, and Purdue Global's sealing request seeks only to preserve the confidentiality FERPA affords Plaintiff as a former student. Permitting Inner City to intervene would transform that limited student disciplinary matter into a collateral dispute over public access, creating additional briefing, delay, and expense unrelated to the merits of Plaintiff's claims. Rule 24(b) does not require the parties to litigate issues introduced by a third party that has asserted no claim or defense of its own.

Neither exception invoked by Inner City authorizes placing those records on the public docket. Although an institution may disclose education records to comply with a judicial order or lawfully issued subpoena, it must first make a reasonable effort to notify the student so that the student may seek protective relief. 34 C.F.R. § 99.31(a)(9). Here, the Court informally requested any available evidence of the assignments underlying Plaintiff's dismissal; it did not issue an order or subpoena requiring Purdue Global to make those records public. In any event, an exception permitting disclosure in response to judicial process does not require, or independently authorize, unrestricted publication on the public docket.

The litigation exception is similarly limited. When a student sues an institution, the institution "may disclose to the court, without a court order or subpoena, the student's education records that are relevant" to its defense. 34 C.F.R. § 99.31(a)(9)(iii)(B) (emphasis added). The regulation permits Purdue Global to provide relevant records to the Court so that it may adjudicate Plaintiff's claims; it does not authorize disclosure to the public without Plaintiff's consent. *See Marcial v. Rush University Medical Center*, No. 16-cv-6109, 2018 WL 4144634, at *5 (N.D. Ill. Aug. 30, 2018) (concluding that a student's consent to production of evaluations in discovery under a confidentiality order did not constitute consent to their filing on the public docket).

Purdue Global does not assert an independent institutional privacy interest in the documents. Its only objective is to comply with federal law and protect Plaintiff's confidential information. FERPA does not prevent Plaintiff from disclosing her own records, see *Doe v. Loyola University Chicago*, 100 F.4th 910, 913 (7th Cir. 2024), and Purdue Global does not object to public filing if Plaintiff consents. Absent that consent, however, Inner City's desire for public access supplies neither a claim or defense supporting intervention nor a sufficient reason to expand and delay this litigation. The Court should therefore deny permissive intervention.

## CONCLUSION

Inner City Press's motion is a costly detour without support in Rule 24. Inner City Press has identified no legally protectable interest, asserted no claim or defense, and submitted no pleading that would justify intervention. Litigating its collateral disagreement over public access would consume still more of the parties' and the Court's resources, make an already unwieldy case larger, and do nothing to advance resolution of the underlying student-conduct dispute. Rule 24 does not require that waste of time and resources, and the motion should be denied.

For each and all of the foregoing reasons, Purdue Global respectfully moves the Court to dismiss Inner City Press' Motion to Intervene and award Purdue Global all other just and proper relief.

Respectfully submitted,

/s/ Amanda Jane Gallagher
John R. Maley (#14300-89)
Amanda Jane Gallagher (#32662-79)
Alison K. McCarthy (#39771-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
317-236-1313
317-231-7433
jmaley@btlaw.com
amanda.gallagher@btlaw.com
Alison.mccarthy@btlaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of July, 2026, a true and correct copy of the foregoing was served on all other parties by electronic mail.

_/s/ Amanda Jane Gallagher_
Amanda Jane Gallagher

8