**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| NICOLE LAWTONE-BOWLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-28-PPS-AZ |
| | ) | |
| PURDUE UNIVERSITY GLOBAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Plaintiff Nicole Lawtone-Bowles's Motion for Reasonable Accommodation to File Electronically [DE 61], filed on July 8, 2026. The Court has previously denied Plaintiff leave to file documents electronically and admonished her to stop attempting to do so informally by emailing court personnel *ex parte*. DE 14, 17, 69. Nonetheless, at the Rule 16 Preliminary Pretrial Conference on July 2, *see* DE 54, Plaintiff orally renewed her request and the Court allowed her to file a motion to explain why should be allowed to file electronically as a reasonable accommodation for her disabilities. A few weeks later, on July 28, Plaintiff filed a "renewed" motion [DE 80] in which she (1) complains the Court has not yet ruled on her motion filed on July 8; and (2) argues that the electronic filing of a motion to intervene by a non-party lawyer has "created  disparate situation where a non-party newspaper has superior electronic access to this Court's docket than the disable plaintiff whose civil rights are at issue." DE 80 at 2. Plaintiff's motions will be denied.

1

As a starting point, the Americans with Disabilities Act (ADA) does not apply to federal courts. *See Dyrek v. Garvey*, 34 F.3d 590, 597 n.3 (7th Cir. 2003) (citing 42 U.S.C. § 12111(5)(B)). Plaintiff's citation to *Tennessee v. Lane*, 541 U.S. 509 (2004) is thus inapposite. That case concerned *state* courts, not federal courts. Furthermore, while "it is the policy of the Judicial Conference that all federal courts provide reasonable accommodations to persons with communications disabilities," Federal Judicial Center, *Guide to Judiciary Policy*, Vol. 5, Ch. 2. (1995), that policy relates to hearing assistance devices and interpreters, not access to the Court's electronic filing system. Thus, there is no presumption or requirement that Plaintiff, as a pro se litigant, be granted access to the Court's electronic filing system as a reasonable accommodation. Nonetheless, the Court may consider the motion in its discretion.

Plaintiff explains in her motion that because of her OCD and PTSD diagnoses, she is "substantially triggered by processes involving uncertainty … and prolonged waiting periods." DE 61 at 3. She says this includes having to mail her documents to the Court for filing and waiting for them to appear on the electronic docket. While the Court is sympathetic to these concerns, Plaintiff has litigated this case vigorously thus far and filed numerous documents successfully with the Court through the mail. There is no indication that her filings have been lost or unreasonably delayed. Having to conduct court business via paper may seem old-fashioned or out-of-date but it is the reality.

Furthermore, Plaintiff's gripe in her amended motion that the Court has not ruled on her (second) request for electronic filing access since it was filed

approximately three weeks ago is not well taken. The federal courts are busy, and Plaintiff is far from the only litigant with a pending case. Two federal judges have spent considerable time on Plaintiff's case. At the center of this case is Plaintiff's desire to complete her law school education so she can become a practicing lawyer, so this probably comes as no surprise to her. But to further illustrate the point, since this case was filed less than four months ago, Plaintiff has filed at least ten separate motions, all of which require the Court's attention and consideration before ruling. She has sought different forms of injunctive relief, in forma pauperis status, appointment of counsel, electronic filing access (now three times), leave to appear remotely, leave to bring special technology into the courtroom, and a motion for leave to amend her complaint. *See* DE 2, 3, 15, 20, 27, 29, 47, 53, 76, 79. All of these motions have been timely ruled upon, are presently under consideration, or not yet ripe. There has been no prejudicial delay, but if anything, Plaintiff's habit of serial filing exacerbates the time it takes the Court to thoughtfully resolve the issues in this case presented in any motion.

Plaintiff's next new argument in her amended motion is that because a non-party the "Inner City Press," *see* DE 72, has filed a motion to intervene, the Court has "created a disparate situation where a non-party newspaper has superior electronic access to this Court's docket than the disabled plaintiff whose civil rights are at issue." DE 80 at 2. This is false for a couple reasons. First, the motion to intervene

3

was *not* filed through the Court's CM/ECF system. It was manually filed.[1] So the basis for Plaintiff's supposed disparate treatment argument is entirely misplaced. Second, as Plaintiff has made clear in her motions, she has a PACER account so she has full electronic *access* to the same docket as any other member of the public, she simply does not have electronic *filing* privileges (because she is not a lawyer admitted to practice in any federal court, including the Northern District of Indiana).

In sum, the Court cannot grant any exception for Plaintiff to file electronically in these circumstances. The Court has uniform procedures for pro se litigants to better ensure the smooth and equal administration of justice. There are also technical considerations which prevent the Court from deviating from these standard procedures. As explained in the Northern District of Indiana's CM/ECF Civil and Criminal User Manual, "[w]hile all parties, including those proceeding pro se, may register to receive 'read only' PACER accounts, only registered attorneys, as officers of the court, are permitted to file electronically at this time." *See* Northern District of Indiana's CM/ECF Civil and Criminal User Manual at 1.[2] While some federal courts allow pro se litigants to electronically file documents, the United States District Court for the Northern District of Indiana is not one of them and is not equipped to do so at

---

[1] When a document is filed through the Court's CM/ECF system, the docket entry reflecting the filing includes a parenthetical at the end with the filer's (*i.e.*, a lawyer's) name. There is no such parenthetical attached to DE 72, the Motion to Intervene by "Inner City Press."

[2] The N.D. Ind. CM/ECF Civil and Criminal User Manual is available at https://www.innd.uscourts.gov/sites/innd/files/ATTY%20USER%20MANUAL%205-29-20.pdf

this time. Plaintiff will need to continue to comply with Local Rule 5-4(b) relating to "Manual Filings."

Accordingly, and for the reasons discussed, Plaintiff Nicole Lawtone-Bowles's Motion for Reasonable Accommodation to File Electronically [DE 61] and Plaintiff's Renewed Motion for Reasonable Accommodation to File Electronically (CM/ECF Access) [DE 80] are **DENIED**.

So ORDERED this 30th day of July 2026.

*/s/ Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT

cc: Nicole Lawtone-Bowles (U.S. Mail)